IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL G. GREER,** Plaintiff, v. **JOSHUA MOON, publisher of the website Kiwi Farms; and KIWI FARMS, a website,** Defendants. | **MEMORANDUM DECISION AND ORDER** Case No. 2:20-cv-00647-TC-JCB District Judge Tena Campbell Magistrate Judge Jared C. Bennett |

District Judge Tena Campbell referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Russell G. Greer's ("Mr. Greer") renewed motion for alternative service.[2]

Mr. Greer was given permission to proceed in forma pauperis in this action under 28 U.S.C.A. § 1915 ("IFP Statute").[3] Mr. Greer filed his complaint on September 24, 2020.[4] The same day, Mr. Greer filed a motion for alternative service in which he requested permission to

---

[1] ECF No. 11.

[2] ECF No. 15.

[3] ECF No. 2.

[4] ECF No. 3.

serve Defendants Joshua Moon ("Mr. Moon") and Kiwi Farms (collectively, "Defendants") by email.[5] The following day, Mr. Greer filed a motion for preliminary injunction.[6]

In an October 9, 2020 order, the court denied Mr. Greer's motion for alternative service because the court had not yet completed the screening process under the IFP Statute to determine if Mr. Greer's complaint should be served on Defendants.[7] In that order, the court indicated that, if it subsequently determined that Mr. Greer's complaint should be served on Defendants, it would also determine whether Mr. Greer would be permitted to complete service by email.

The court later completed the screening process under the IFP Statute and, in a January 26, 2021 order, concluded that Mr. Greer's complaint should indeed be served on Defendants.[8] At the same time, the court determined that Mr. Greer had not provided enough detail concerning his efforts to locate Defendants to justify permitting service by email. Accordingly, the court ordered Mr. Greer to, on or before February 15, 2021, either file with the court a listing of the names and addresses of persons upon whom service should be made under Fed. R. Civ. P. 4[9] or renew his motion for alternative service. Mr. Greer was ordered to include a detailed description of his efforts to locate Defendants in any renewed motion for alternative service.

---

[5] ECF No. 4.

[6] ECF No. 7.

[7] ECF No. 10.

[8] ECF No. 14.

[9] The court requested this information because, under the IFP Statute, the officers of the court are required to issue and serve all process and perform all duties related to service of process. 28 U.S.C. § 1915(d).

On February 10, 2021, Mr. Greer filed his renewed motion for alternative service.[10] In that motion, Mr. Greer provides a description of his efforts to locate Defendants. Additionally, he provides evidence indicating that Defendants appear to have consented to receive service by email.[11] Accordingly, Mr. Greer requests permission to serve Defendants by email. For the reasons set forth below, the court grants Mr. Greer's motion.

Fed. R. Civ. P. 4(h) governs serving a corporation, partnership, or other unincorporated entity, which appears to encompass service on Kiwi Farms. Under Fed. R. Civ. P. 4(h)(1)(A), Mr. Greer is permitted to serve Kiwi Farms "in the manner described in [Fed. R. Civ. P.] 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Therefore, Fed. R. Civ. P. 4(e)(1) governs service on both Kiwi Farms and Mr. Moon. Under Fed. R. Civ. P. 4(e)(1), service may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Mr. Greer is seeking to complete service under Utah law since his complaint was filed in the District of Utah.

In relevant part, Utah R. Civ. P. 4(d)(5)(A) provides that "[i]f the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence, . . . the party seeking service may file a motion to allow service by some other means." Utah R. Civ. P. 4(d)(5)(A). Such a motion must include "[a]n affidavit or declaration supporting the motion [that sets] forth the efforts made to identify, locate, and serve the party, or the

---

[10] ECF No. 15.

[11] ECF No. 15-1.

circumstances that make it impracticable to serve all of the individual parties." *Id*. Additionally, Utah R. Civ. P. 4(d)(5)(B) provides:

> If the motion is granted, the court will order service of the complaint and summons by means reasonably calculated, under all the circumstances, to apprise the named parties of the action. The court's order must specify the content of the process to be served and the event upon which service is complete. Unless service is by publication, a copy of the court's order must be served with the process specified by the court.

Utah R. Civ. P. 4(d)(5)(B).

Applying those rules here, the court concludes that Mr. Greer has demonstrated that the whereabouts of Defendants cannot be ascertained through reasonable diligence and that the circumstances make it impracticable to serve Defendants through traditional means.[12] Additionally, considering the evidence Mr. Greer has submitted, Defendants appear to have consented to receive service by email. Therefore, the court concludes that service by email is reasonably calculated, under the circumstances presented here, to apprise Defendants of this action. Therefore, Mr. Greer's renewed motion for alternative service is granted. The requirements for completing that alternative service are set forth below.

## **ORDER**

Based upon the foregoing, IT IS HEREBY ORDERED:

1. Mr. Greer's renewed motion for alternative service[13] is GRANTED.

---

[12] Mr. Greer did not submit an affidavit or declaration, as required by Utah R. Civ. P. 4(d)(5)(A). However, given Mr. Greer's pro se status, the court liberally construes his motion as containing the information required under that rule.

[13] ECF No. 15.

2.     Mr. Greer is permitted to serve Defendants by sending a summons, the complaint, his motion for preliminary injunction, and a copy of this order to the email address indicated in his motion.

3.     Once Mr. Greer sends the aforementioned email, Defendants shall be deemed served for purposes of Fed. R. Civ. P. 4 and 12(a).

4.     Mr. Greer must file an affidavit proving service as required by Fed. R. Civ. P. 4(*l*).

IT IS SO ORDERED.

DATED February 16, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge