THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>Plaintiff,<br><br>v.<br><br>**JOSHUA MOON, publisher of the website Kiwi Farms; and KIWI FARMS, a website,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:20-cv-00647-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Defendants Joshua Moon and Kiwi Farms' ("Defendants") Motion to Transfer.[2] Pro se Plaintiff Russell G. Greer ("Mr. Greer") did not file a response to Defendants' motion and the time for doing so has passed.[3] Under DUCivR 7-1(f), a party's failure to respond timely to a motion may result in the court granting the motion without further notice. Based upon Mr. Greer's lack of response, and the analysis set forth below, the court grants Defendants' motion to transfer. Due to the transfer of this case, the court denies as moot Defendants' motion to compel Mr. Greer's compliance with the order to propose schedule in this matter.[4]

---

[1] ECF No. 67.

[2] ECF No. 64.

[3] Following the court's extension, Mr. Greer's response was due on or before February 29, 2024. ECF No. 73.

[4] ECF No. 92.

## BACKGROUND

Defendant Joshua Moon ("Mr. Moon") operates Kiwi Farms, an online forum where users "exploit and showcase those . . . deemed to be eccentric and weird."[5] Some Kiwi Farm users go beyond discussing people online and purportedly "stalk and harass" their subjects.[6] Mr. Greer became the target of users' acrimony after he filed a lawsuit against pop star Taylor Swift.[7] In response to harassment by Kiwi Farms users, Mr. Greer self-published a book about the lawsuit, hoping to tell his side of the story.[8] After his book received numerous negative online reviews, Mr. Greer recorded a song and placed it for sale online.[9] Mr. Greer's book and song were posted on Kiwi Farms without his consent, causing Mr. Greer to become the target of even more derision.[10] Mr. Greer sent Kiwi Farms a takedown notice under the Digital Millennium Copyright Act ("DMCA") requesting that the site take down any posts that infringed on his copyrights.[11] Mr. Moon refused, claiming protection under "fair use," and mocking Mr. Greer's DMCA notice.[12] Since then, Kiwi Farms users have uploaded more of Mr. Greer's songs without his consent.[13] As a result, Mr. Greer filed the present action, seeking monetary and injunctive

---

[5] ECF No. 3 at ¶¶ 13–14.

[6] *Id.* at ¶ 14.

[7] *Id.* at ¶ 16.

[8] *Id.* at ¶¶ 25–27.

[9] *Id.* at ¶¶ 48–60.

[10] *Id.* at ¶¶ 37–60.

[11] *Id.* at ¶¶ 65–66.

[12] *Id.* at ¶¶ 67–71.

[13] *Id.* at ¶ 74.

relief for alleged copyright violations, harassment, and various torts. Defendants moved to dismiss the complaint.[14]

In granting Defendants' motion to dismiss, this court concluded that Mr. Greer failed to state a claim upon which relief can be granted, denied as moot his request for a preliminary injunction,[15] and closed the case.[16] Mr. Greer moved to alter judgment and reopen the case pursuant to Federal Rule of Civil Procedure 59(e).[17] The court denied Mr. Greer's motions,[18] and Mr. Greer appealed to the United States Court of Appeals for the Tenth Circuit.[19] On appeal, the Tenth Circuit held that Mr. Greer stated a plausible claim of contributory copyright infringement[20] and remanded to this court.[21] Shortly after remand, Defendants filed the instant motion to change venue.[22]

## LEGAL STANDARDS

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties or witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[23] Section 1404(a) is "a codification of the doctrine of *forum non*

---

[14] ECF No. 20.
[15] ECF No. 37.
[16] ECF No. 38.
[17] ECF No. 40.
[18] ECF No. 44.
[19] ECF No. 45.
[20] *Greer v. Moon*, 83 F.4th 1283, 1296 (10th Cir. 2023).
[21] ECF No. 53-1.
[22] ECF No. 64.
[23] 28 U.S.C. § 1404(a).

*conveniens* for the subset of cases in which the transferee forum is within the federal court system."[24] Section 1404(a) allows "transfer to a more convenient forum, even though venue is proper in the transferor court."[25]

"The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient."[26] To satisfy section 1404(a), "the moving party must clearly establish that: (1) the transferee court is a proper forum in which the action could have been brought originally; and (2) the transfer will enhance the convenience of the parties and witnesses, and is in the interest of justice."[27] To meet the first requirement, "the transferee court must have subject matter jurisdiction and personal jurisdiction over the parties, and venue must be proper."[28] Regarding the second requirement, section 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness."[29] In considering whether a movant has met his burden, the court should consider:

> [T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the

---

[24] *Atl. Marine Const. Co., v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013).

[25] *K.A. v. UnitedHealthcare Ins.,* No. 2:23-CV-00315-RJS-JCB, 2023 WL 7282544, at *1 (D. Utah Nov. 3, 2023) (quotations and citation omitted).

[26] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).

[27] *RES-NV, LLC v. Rosenberg,* No. 2:13-CV-00115-DAK, 2013 WL 3548697, at *2 (D. Utah July 11, 2013).

[28] *Safari Club Int'l v. Jewell,* No. 15-930-JCH-LF, 2016 WL 3574169, at *4 (D.N.M. Feb. 11, 2016) (citing *Hoffman v. Blaski,* 363 U.S. 335, 344 (1960); *Chrysler Credit Corp.*, 928 F.2d at 1515.

[29] *Chrysler Credit Corp.*, 928 F.2d at 1516 (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

4

necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.[30]

### ANALYSIS

The court grants Defendants' motion for two principal reasons. First, despite Defendants' inability to demonstrate that the transfer will enhance the convenience of the parties and witnesses in this matter, the Northern District of Florida is a proper forum in which this action could have been originally brought. Second, the court affords little weight to Mr. Greer's choice of the District of Utah because he is not a resident of Utah, and Utah lacks any significant connection with the operative facts of this case. Also related to this second reason is Mr. Greer's failure to oppose Defendants' motion to transfer. Both reasons for granting the motion are discussed in order below.

**I.  This Action Could Have Originally Been Brought in the Northern District of Florida.**

Because the Northern District of Florida has subject matter and personal jurisdiction over Defendants, and venue is proper, this action could have been originally filed there. As to subject matter jurisdiction, district courts, including the Northern District of Florida, "shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights,"[31]

---

[30] *Id.*

[31] 28 U.S.C. § 1338(a).

and this action arises out of Defendants' alleged copyright infringement.[32] Therefore, subject matter jurisdiction is proper in the Northern District of Florida

As to personal jurisdiction, Defendants have established that the Northern District of Florida has jurisdiction over them because Mr. Moon is domiciled in the Northern District of Florida.[33] Whether the Northern District of Florida has personal jurisdiction over Kiwi Farms is not relevant here because Kiwi Farms is a website and, therefore, is not a legal entity capable of being sued.[34]

Venue is also proper in the Northern District of Florida. Claims under the Copyright Act are governed by the venue provisions of 28 U.S.C. § 1400(a), which provides that suits thereunder may be instituted "in the district in which the defendant or his agent resides or may be found." "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant."[35] Defendants are

---

[32] ECF No. 3 at ¶ 7.

[33] ECF No. 64-1.

[34] *See, e.g.*, *Schiavone v. Fortune*, 477 U.S. 21 (1986) (holding that Fortune magazine is a trademark, not a legal entity that could be sued); *Teamsters Loc. Union No. 727 Health & Welfare Fund v. L & R Grp. of Cos.*, 844 F.3d 649, 651 (7th Cir. 2016) ("You can't sue a 'rubric' any more than you could sue the Chicago River or the Magnificent Mile as a proxy for the City of Chicago."); *Gerardy v. Seventh Dist. Ct.*, No. 2:17-CV-945 RJS, 2019 WL 1979665, at *2 (D. Utah May 3, 2019) (holding that a plaintiff cannot sue a state court). Defendants argue in support of their motion to transfer that Lolcow, LLC ("Lolcow") (d/b/a Kiwi Farms) is a limited liability company organized under the laws of West Virginia, with Mr. Moon as its sole member. ECF No. 64 at 2. However, Lolcow's motion to intervene/substitute is still pending. ECF No. 68. Accordingly, the court refrains from discussing whether the Northern District of Florida has personal jurisdiction over Lolcow while this motion remains undecided.

[35] *Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. 2004); *accord Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co.*, 8 F.3d 441, 445 (7th Cir. 1993); *see Relaximals*, 2020 WL 1529179, at *3 (citation omitted); *Chalfant v. Tubb*, 453 F. Supp. 2d 1308, 1316 (N.D. Okla. 2006); *Elec. Realty Assocs., L.P. v. Paramount Pictures Corp.*, 935 F. Supp. 1172, 1176–77 (D. Kan. 1996).

subject to personal jurisdiction in the Northern District of Florida because Mr. Moon lives there. Thus, Defendants demonstrate that the Northern District of Florida is a proper venue under section 1400(a). And because jurisdiction (both subject matter and personal) and venue are proper in the Northern District of Florida, this action could have originated there, which meets the first requirement to transfer this matter.

## II. Mr. Greer's Choice of Forum is Accorded Little Weight, and Mr. Greer Did Not Oppose the Motion to Transfer.

Defendants fail to show why the Northern District of Florida is more convenient than Utah. Instead, they argue that resolving this case in Utah would neither be more convenient than Florida nor more favorable to the interests of justice. Normally, this type of argument is insufficient to establish the second factor of section 1404(a). But this case is not normal because Mr. Greer's choice of the District of Utah as the forum in this action is accorded little weight because Mr. Greer is not a resident of Utah, and Utah lacks any significant connection with the operative facts of this case. Moreover, Mr. Greer did not oppose the motion to transfer. Therefore, the court exercises its discretion to grant the motion.

Although "the plaintiff's choice of forum should rarely be disturbed,"[36] Mr. Greer's "choice of forum receives less deference, however, if [he] does not reside in the district."[37] "Courts also accord little weight to the plaintiff's choice of forum where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum."[38]

---

[36] *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010).
[37] *Id.*
[38] *Id.* (quotations omitted).

Mr. Greer resides in Nevada,[39] and Utah lacks any significant connection with the operative facts of this case besides Mr. Greer residing in West Jordan, Utah when he filed his complaint. Mr. Greer's allegations appear to relate to actions taken on the internet and targeted at no particular geographic location. Therefore, even though Mr. Greer's choice of forum would normally remain undisturbed, affording Mr. Greer's choice of the District of Utah as the forum for this action is entitled to very little, if any, weight here because Utah has nothing to do with this action.

Moreover, Mr. Greer's failure to respond to Defendants' motion does not help the situation. Mr. Greer did not provide any information to help the court understand whether there is any significant difference between the District of Utah and Northern District of Florida regarding the costs of making the necessary proof, the enforceability of any judgment obtained, the relative ability to receive a fair trial, or difficulties from congested dockets. Additionally, this court dismissed all potential state law claims,[40] and Mr. Greer did not pursue them on appeal.[41] Consequently, concerns about conflict of laws and the interpretation of local laws are not an issue now.[42] Therefore, even though Defendants have not affirmatively shown that the Northern District of Florida is more convenient than the District of Utah, nothing weighs against transfer under § 1391(b).

---

[39] ECF No. 13.

[40] ECF No. 37.

[41] ECF No. 53.

[42] *See, e.g.*, *IHC Health Servc. Inc. v. Eskaton Properties*, No. 2:16-CV-0003-DN, 2016 WL 4769342, at *8 (D. Utah Sept. 12, 2016).

### CONCLUSION AND ORDER

Based upon the foregoing analysis, the court HEREBY ORDERS as follows:

1. Defendants' motion to transfer[43] is GRANTED.

2. Defendants' motion to compel Mr. Greer's compliance with the court's order to propose schedule[44] is DENIED AS MOOT.

IT IS SO ORDERED.

DATED this 20th day of March 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[43] ECF No. 64.

[44] ECF No. 92.