UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
(Pensacola Division)

| | |
|---|---|
| Russell Greer,<br><br>                      Plaintiff,<br><br>v.<br><br>Joshua Moon, *et al.*,<br><br>                      Defendants. | Case No. 3:24-cv-00122-MCR-ZCB |

## MOTION FOR A SCHEDULING CONFERENCE
## OR FOR DISMISSAL UNDER RULE 41

NOW COME the Defendants, by and through their undersigned counsel, and move that this Court set this matter for an in-person scheduling conference or dismiss the case for want of prosecution. In support of this Motion, Defendants state as follows:

1) This matter was only transferred to Florida recently, but it began in Utah in 2020. ECF No. 3. This case is thus approaching its fourth birthday, but to date there have been no Rule 26 initial disclosures and no schedule for these proceedings has been imposed.

2) The posture of this case is remarkable at least in part due to its subject matter. The Plaintiff quite literally wrote the book on vexatious litigation, entitled *Why I Sued Taylor Swift: and How I Became Falsely Known as Frivolous, Litigious and Crazy*. This case followed because Mr. Greer claims that Defendants violated the

1

copyright to that book. ECF No. 3, ¶1.[1] Joshua Moon and Taylor Swift are only two of Mr. Greer's targets in a wave of pro se litigation that now spans not less than three states, three U.S. District Courts, and two U.S. Circuit Courts.

3) The reason no Rule 26 initial disclosures have been made, that no Rule 26 conference has been held, and that no schedule has been imposed is because the Plaintiff is flatly recalcitrant and repeatedly refuses to advance this case despite repeated court orders. Indeed, Plaintiff is in breech of two orders by the transferring Court to propose a schedule. ECF Nos. 12 and 60. A brief history of the Plaintiff's behavior is as follows:

   a. The first order directed at the Plaintiff and ordering him to propose a schedule was entered in 2020. ECF No. 12.

   b. The second order was directed at the Plaintiff in 2024. ECF No. 60.

   c. The Plaintiff complied with neither order, and his response to the most recent order illustrates the pattern of his behavior:

      i. First, Plaintiff claimed he misunderstood the order. ECF No. 76. Nevertheless, Plaintiff claimed he would comply with it by February 8, 2024. *Id*. at 3.

      ii. Then, rather than complying, Plaintiff filed an "expedited" Motion

---

[1] Mr. Greer also wrote a book entitled *Why I'm Making It Legal for Your 18 Year Old Daughter to Get In Bed with a Complete Stranger for Only 500 Bucks: A Short Essay from a Pro Se Litigant who is Challenging the Utah Brothel Bans*. Available from Amazon, https://www.amazon.com.au/Making-Legal-Daughter-Complete-Stranger/dp/1520441509 (last accessed March 25, 2024). Mr. Greer is a prolific pro se litigant, as noted at ECF No. 80. Since that document was filed, Defendants became aware of even more pro se cases filed by Mr. Greer in the local courts of Nevada, such that it actually understates Mr. Greer's legal experience.

        for a 90-day stay of these proceedings. ECF No. 7. That Motion was denied at ECF No. 96, and the Plaintiff remains to this day procedurally defaulted on responding to every court order and every motion in this case.

    iii. Indeed, Plaintiff's procedural defaults are one of the chief reasons this case was transferred to Florida: in its decision transferring the case, the Utah Court noted that the Plaintiff had not opposed the transfer of this case. ECF No. 97. The Utah court declined to compel Mr. Greer's compliance with its scheduling orders only because of the transfer to Florida, which the Utah court held had mooted the request.

4) The Defendants are prejudiced by the Plaintiff's serial failures to advance this case, because the Defendants cannot conduct discovery in this rapidly aging case until the Rule 26 conference is complete. ECF No. 60, ¶ 7. Nor can the Defendants propose their own schedule or otherwise advance this case, because under orders of the prior (Utah) court any defense Motion for a Scheduling Conference would require information the Plaintiff has refused to provide. ECF No. 60, ¶ 3 (b) (requiring a draft attorney planning report to be filed as an attachment to any motion for a scheduling conference; this order has not been vacated or superseded following transfer and remains in effect).

5) The Plaintiff's refusal to advance this case is particularly pernicious, because it is Mr. Greer who invoked the power and jurisdiction of the courts, and Mr. Greer who has compelled the Defendants to appear and defend themselves in two separate courts, all while simultaneously failing to take even minimum steps to

prosecute his own cause.

6) Indeed, the Plaintiff has not even managed to provide an accurate address for the Defendants to serve him with process in this matter, and appears to be evading or attempting to evade service. At ECF Nos. 91 and 94, Defendants notified Mr. Greer and the Court that mail directed to him was returned as undeliverable, and that there is no such street as South Twain Avenue in Las Vegas, Nevada. While Mr. Greer ignored every other order of the court and every other document filed by the Defendants, Mr. Greer nevertheless took great umbrage at the suggestion that his address was nonexistent, and responded at ECF No. 95, insisting angrily that his address is indeed on South Twain Avenue in Last Vegas, Nevada. Curiously, Mr. Greer also attached an exhibit which indicates that the defense has been correct all along: ECF No. 95 at 5 indicates that the Plaintiff's address is on *East* Twain Avenue despite Mr. Greer's repeated insistence that it is actually on *South* Twain Avenue.[2]

WHEREFORE, the Defendants respectfully submit that the Plaintiff has made clear that he does not intend to participate in this litigation and does not intend to propose any schedule for these proceedings or for Rule 26 disclosures or conferences, and Defendants request that the Court issue an appropriate order to advance this case towards a resolution in one of the following ways:

    a. Ordering the parties to appear in person before this Court for a status and

---

[2] The Plaintiff's apparent "confusion" about his own address appears likely to be intentional because it is unique to this case and his evasion of court orders. The Plaintiff has correctly listed his address for purposes of his political activism, as is demonstrated in Exhibit A, attached hereto (the address for a pro-prostitution PAC operated by Mr. Greer correctly lists Mr. Greer's *East* Twain address).

scheduling conference, at which an expeditious schedule for discovery and further proceedings as appropriate can be set; and/or

b. Dismissing this case for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

DATED March 25, 2024

/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing motion was filed via CM/ECF this 25th day of March, 2024, and that I also deposited a true and correct copy of the same into the U.S. Mail, with First Class Postage prepaid, addressed to:

1. The address Mr. Greer provided in an exhibit, but nevertheless insists is not accurate:

    Russell Greer
    1155 East Twain Avenue, Suite 108
    Las Vegas Nevada

2. The address Mr. Greer has provided to the Court:

    Russell Greer
    1155 South Twain Avenue, Suite 108
    Las Vegas Nevada

3. Mr. Greer's home address:

    Russell Greer
    3651 Arville St. Apt 711
    Las Vegas, NV 89103

      /s/ Matthew D. Hardin
      Matthew D. Hardin