# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL G. GREER,<br><br>      Plaintiff,<br><br>v.<br><br>JOSHUA MOON, publisher of the website Kiwi Farms; and KIWI FARMS, a website,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:20-cv-00647-DBB-JCB**<br><br>**District Judge David Barlow**<br><br>**Magistrate Judge Jared C. Bennett** |

District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] On March 20, 2024, the court granted Defendants Joshua Moon and Kiwi Farms's ("Defendants") motion to transfer this case to the Northern District of Florida.[2] The following day, the Northern District of Florida electronically received this case.[3]

Now before the court are two motions filed by pro se Plaintiff Russell G. Greer ("Mr. Greer"): (1) a motion to reconsider the order granting the motion to transfer pursuant to Fed. R. Civ. P. 60(b)(1)[4] and; (2) a motion to vacate the order granting the motion to transfer pursuant to Fed. R. Civ. P. 59(e).[5]

---

[1] ECF No. 67.

[2] ECF No. 97.

[3] ECF No. 100.

[4] ECF No. 98.

[5] ECF No. 103.

This court lost jurisdiction to review such motions when the Northern District of Florida received this case file. "Once the files in a case are transferred physically to the court in the transferee district, the transferor court loses all jurisdiction over the case, including the power to review the transfer."[6] Thus, on March 21, 2024, the day that the Northern District of Florida received the record in this case, this court's jurisdiction was terminated. Although Mr. Greer filed his motion to reconsider on March 20, 2024—the day the court granted the motion to transfer but before the Florida court had received the case record—this did not stay the transfer or preserve the District of Utah's jurisdiction.[7]

Mr. Greer mentions that the Court of Appeals for the Tenth Circuit has stated that "the preferred approach is to delay physical transfer of the papers in the transferred case" to allow time for the party to seek reconsideration or appellate review of the transfer.[8] However desirable this approach might be, this court has not adopted a rule automatically staying the transfer of a case, nor is it this court's practice to wait a certain number of days before electronically sending the case record to the transferee court. Consequently, the court lost jurisdiction over this matter on March 21, 2024, and cannot review Mr. Greer's motions. Therefore, the court DENIES AS

---

[6] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516-17 (10th Cir. 1991) (citing *Roofing & Sheet Metal Serv.*, 689 F.2d 982, 988-89 n.10 (11th Cir. 1982); *In Re Nine Mile Limited*, 673 F.2d 242, 243 (8th Cir. 1982); *In re Southwestern Mobile Homes*, 317 F.2d 65, 66 (5th Cir. 1963)).

[7] *See, e.g.*, *Drabik v. Murphy*, 246 F.2d 408, 409 (2nd Cir. 1957).

[8] *Chrysler*, 928 F.2d at 1517.

MOOT Mr. Greer's motion to reconsider[9] and motion to vacate[10] this court's decision to transfer this case to the Northern District of Florida.

    IT IS SO ORDERED.

    DATED this 22nd day of April 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[9] ECF No. 98.

[10] ECF No. 103.