UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
(Pensacola Division)

RUSSELL GREER,

                  *Plaintiff,*

v.

JOSHUA MOON, *et al.*,

                  *Defendants*.

Case No. 1:24-cv-122

## NOTICE REGARDING CERTIFICATE OF SERVICE

NOW COME the Defendants, by and through undersigned counsel, and give NOTICE that the documents filed at ECF No. 118 and 119 appear to have incorrect, erroneous, or even fraudulent certificates of service.

Attached hereto as Exhibit A is the Plaintiff's transmittal of the document filed at ECF No. 118, which was sent via email on May 8, 2024. Attached hereto as Exhibit B is a copy of an email undersigned counsel sent to Plaintiff inquiring as to the reason the certificate of service erroneously indicates that service was made on May 2, 2024. Mr. Greer has not replied to that email.

Attached hereto as Exhibit C is the Plaintiff's transmittal of the document filed at ECF No. 119, which was sent via email on May 9, 2024. Attached hereto as Exhibit D is a copy of an email undersigned counsel sent to Plaintiff inquiring as to the reason the certificate of service erroneously indicates that service was made on May 4, 2024. Mr. Greer has not replied to that email.

The Plaintiff's error in properly serving or certifying service of relevant pleadings appears to be part of a continuing and intentional pattern of improper service or even

1

fraudulent service. See, e.g., ECF Nos. 78, 83.[1] See also *Greer v. Swift*, No. 3:20-cv-00436, 2020 U.S. Dist. LEXIS 261611, at *6 (M.D. Tenn. Dec. 14, 2020) (noting that Mr. Greer continued to serve documents in the same manner he was previously informed was improper and finding that "The Court therefore cannot characterize Greer's attempt to serve … as a good-faith service attempt.")

On information and belief, when Mr. Greer filed his first admitted "publicity stunt" lawsuit[2] against songwriter Taylor Swift in the aforementioned case in the Middle District of

---

[1] In an effort to conserve resources, undersigned counsel has not filed a Notice regarding certificates of service filed by Mr. Greer which were erroneous when such erroneous certificates did not impact the date on which counsel had some other means of actual or constructive notice that a pleading was being filed. Nevertheless, undersigned counsel proffers here that Mr. Greer has repeatedly signed certificates of service which indicate documents have been served upon counsel via email, when such documents have not in fact been served upon counsel at all and were only filed with the Court, triggering an ECF notice.

[2] The Plaintiff has admitted on social media and in his own words that his litigation against Ms. Swift was a "publicity stunt" and not litigation undertaken in good faith. A screenshot of relevant

Tennessee, Mr. Greer expressed in social media posts that he was in "tears of joy" that Taylor Swift had not responded to improperly served legal process, and used such an ostensible "failure to respond" as the basis for seeking a default judgment to which he was not entitled. *Greer v. Swift*, No. 3:18-cv-0394, 2018 U.S. Dist. LEXIS 224129, at *1 (M.D. Tenn. Nov. 16, 2018) ("Greer's motion for default judgment is DENIED").

---

evidence that has come into counsel's possession is included below:





Defendants respectfully submit that the Mr. Greer is doing exactly the same thing here as he has done in his previous "publicity stunt" litigation: employing gamesmanship and false certificates of service to deprive the Defendants of an opportunity to respond to his filings. The Court should not countenance Mr. Greer's antics, and should afford Defendants the full time to respond pursuant to Local Civ. R. 7.1, as calculated from the date on which Mr. Greer actually served the relevant documents and not from the dates reflected on his certificates of service. The Court should also consider whether an order to show cause is appropriate in light of Mr. Greer's pattern and the prejudicial effects that pattern has on those forced to respond to Mr. Greer's ill-motivated litigation.

Respectfully submitted this the 14th day of May, 2024.

/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing motion was filed via CM/ECF this 14th day of May, 2024, and that I also deposited a true and correct copy of the same into the U.S. Mail, with First Class Postage prepaid, addressed to:

1. The address Mr. Greer provided in an exhibit, but nevertheless insists is not accurate:

   Russell Greer
   1155 East Twain Avenue, Suite 108420
   Las Vegas, NV

2. The address Mr. Greer has provided to the Court:

   Russell Greer
   1155 South Twain Avenue, Suite 108420
   Las Vegas, NV 89169

3. Mr. Greer's home address:

   Russell Greer
   3651 Arville St. Apt 711
   Las Vegas, NV 89103

I also emailed a copy of the foregoing to Mr. Greer at an address he has used in correspondence to me, to wit: russmark@gmail.com.

The reason I have served Mr. Greer at three separate mailing addresses is because he has failed entirely to supply any accurate address for service of process pursuant to Local Rule 5.1 (E) and Fed. R. Civ. P. 4.1 and 5 despite at least seven separate requests.

5

In this case, the Plaintiff's current address on the docket is located on "South" Twain Avenue in Las Vegas, Nevada. There is one fundamental problem with this address, which Plaintiff has refused to correct after not less than seven separate requests from undersigned counsel sent via email and numerous notices filed with the Court itself: there is no South Twain Avenue. See, e.g., ECF Nos. 70, 91, 94, 95, and 101. Remarkably, the Plaintiff filed as an Exhibit at ECF No. 95 a receipt indicating that the address Mr. Greer continues to "reaffirm" is correct is in fact incorrect.[3] In that same receipt, Mr. Greer attempted (but failed) to redact a residential address on Arville Street in Las Vegas, notwithstanding that it is likely the only address at which Mr. Greer can actually be served with appropriate compulsory process in accordance with the usual procedures.

Below are photographic copies of publicly available maps of Las Vegas, Nevada, which undersigned counsel captured from Google Maps and of which this Court can take judicial notice:

---

[3] The receipt filed at ECF No. 95 at 5 reflects that Mr. Greer has apparently rented a mailbox at a store located on *East* Twain Avenue, notwithstanding his repeated assertions that he receives mail on *South* Twain Avenue and Mr. Greer's refusal to provide a physical address at which he can receive non-mailable compulsory process.





As depicted in the above maps, Twain Avenue is a discontinuous street which runs generally eastwards and westwards in Las Vegas. East Twain Avenue terminates at Sands Avenue. West Twain Avenue terminates at Dean Martin Drive (which runs north and south).

7

There is no "South" Twain Avenue. It therefore goes without saying that Mr. Greer cannot be served on South Twain Avenue.

WHEREFORE, the Defendants have served Mr. Greer at every address which they have for him, notwithstanding that one of those addresses is patently false and nonexistent.

Dated: May 14, 2024

/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com