UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
(Pensacola Division)

RUSSELL GREER,

          *Plaintiff*,

v.

JOSHUA MOON, *et al.*,

          *Defendants*.

Case No. 1:24-cv-122

**OPPOSITION TO
MOTION FILED AT ECF NO. 118**

NOW COME the Defendants, by and through their undersigned counsel, and oppose the Motion filed by the Plaintiff at ECF No. 118. In Opposition, Defendants state as follows:

1) The Plaintiff is seeking a special privilege that has been universally denied by this Court. *"Pro se* plaintiffs are generally not permitted access to CM/ECF in this District." *Nicole Young v. Robinson*, No. 3:21cv66-TKW-HTC, 2021 U.S. Dist. LEXIS 267534, at *7 (N.D. Fla. Jan. 14, 2021), citing and quoting *Universal Life Church Monastery Storehouse, Inc. v. Universal Life Church World Headquarters, Inc.*, 2013 WL 12177847, at *2 (N.D. Fla. Oct. 22, 2013) and *Barkley v. Gadsden County Schools*, 2008 WL 11340025, at *2 n.1 (N.D. Fla. Apr. 23, 2008).

2) This Court has held that it has discretion to permit the filing of documents electronically by *pro se* parties only in extraordinary circumstances upon a showing of good cause. *Nicole Young v. Robinson*, No. 3:21cv66-TKW-HTC, 2021 U.S. Dist. LEXIS 267534, at *7 (N.D. Fla. Jan. 14, 2021), citing Local Rule 5.4 (A)(3). But Mr. Greer makes no showing of good cause.

3)      Specifically, the Plaintiff's motion for electronic filing cites the expense of printing and mailing documents as his "good cause" for electronic filing. But the expense of printing and mailing documents is minimal, and the Plaintiff himself has forced the Defendants to serve him at not less than three different addresses as set forth at ECF No. 120. The Plaintiff's sudden concern about the cost of postage thus rings hollow.

4)      What's more, the Plaintiff's budget appears to have abundant funds which can be reallocated to cover postal costs. In 2018, Mr. Greer told another federal district court that he spent not less than $14,000 annually on prostitutes. *Greer v. Herbert*, No. 2:16-cv-01067, 2018 U.S. Dist. LEXIS 78323, at *3 n.11 (D. Utah May 8, 2018). Mr. Greer also apparently carries $4,000 in cash on his person to houses of prostitution, *id*. at n. 12, even as he professes to this Court that he cannot pay an estimated $30 on postage for a lawsuit that he initiated. ECF No. 118 at 2. Perhaps because of Mr. Greer's very personal ideas of what does and does not merit a slice of his ostensibly very limited budget, another U.S. District Court emphasized that it had denied Mr. Greer *in forma pauperis* status and the special solicitude that comes with such status. *Greer v. Swift*, No. 3:18-cv-0394, 2018 U.S. Dist. LEXIS 224129, at *8 n.2 (M.D. Tenn. Nov. 16, 2018).

5)      To the extent that Mr. Greer finds litigation expensive, the Defendants can only agree and emphasize that they would very much like to avoid the cost of litigation as well. Unfortunately, Mr. Greer chose to bring this lawsuit and dozens of others. ECF No. 80 at 2. Postage is but one of the negative side effects that Mr. Greer has imposed upon himself and others in a campaign of vexatious litigation that began in Utah and Tennessee and later expanded to Nevada and Florida. The cheapest and simplest solution would be for Mr. Greer to dismiss this case, but that is an option he has thus far refused to take.

Respectfully submitted this the 15th day of May, 2024,

/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing motion was filed via CM/ECF this 15th day of May, 2024, and that I also deposited a true and correct copy of the same into the U.S. Mail, with First Class Postage prepaid, addressed to:

1. The address Mr. Greer provided in an exhibit, but nevertheless insists is not accurate:

   Russell Greer
   1155 East Twain Avenue, Suite 108420
   Las Vegas, NV 89169

2. The address Mr. Greer has provided to the Court:

   Russell Greer
   1155 South Twain Avenue, Suite 108420
   Las Vegas, NV 89169

3. Mr. Greer's home address:

   Russell Greer
   3651 Arville St. Apt 711
   Las Vegas, NV 89103

I also emailed a copy of the foregoing to Mr. Greer at an address he has used in correspondence to me, to wit: russmark@gmail.com.

I have served this document on multiple physical addresses and also via email for the same reasons set forth at ECF No. 120. As recently as this morning, Mr. Greer has refused to provide me with an accurate address at which to serve him with process in this matter, as

reflected in Exhibit A, attached hereto. This is the second occasion on which Mr Greer has demanded that I provide him notice of what documents I intend to serve upon him before he will provide an address or accept service of such filings, as reflected in Exhibit B.

Dated: May 15, 2024

/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com