UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
(Pensacola Division)

RUSSELL GREER,

        *Plaintiff*,

v.

        Case No. 1:24-cv-122

JOSHUA MOON, *et al.*,

        *Defendants*.

**OPPOSITION TO PLAINTIFF'S
MOTION AT ECF NO. 119**

    NOW COME the Defendants, by and through undersigned counsel, and file this Opposition to the Motion filed by Russell Greer at ECF No. 119. In opposition, Defendants state as follows:

1)     Russell Greer chose to file this case, and chose to file it *pro se*, in 2020. ECF No. 2. Over five months ago, this case resumed in the District of Utah. ECF No. 53. Over four months ago, Defendants requested a schedule for further proceedings, ECF No. 55, which motion the transferor court granted. ECF No. 60. In the intervening months, the docket has swelled to contain approximately double the number of entries it previously had, but the vexatious serial *pro se* Plaintiff has failed at every turn to do *anything* to advance this case and has instead chosen on every occasion to seek delay.

2)     The delays began almost immediately upon remand at ECF No. 71. There, Mr. Greer asked for an additional 30 days to file oppositions to various defense motions. The Defense only partially opposed that Motion, in that the Defense opposed granting the Plaintiff leave to file a Reply to the Answer. ECF No. 72. The District Court agreed, granting Mr. Greer a full

1

30 additional days to respond to the Defense motions and denying him leave to file a Reply to the Answer. ECF No. 73.[1]

3) Nevertheless, Mr. Greer immediately began missing deadlines, including both those imposed by the Court and also his own self-selected deadlines. First, Mr. Greer declined to comply with the scheduling order. ECF No. 75. Then Mr. Greer unilaterally gave himself a new date for compliance with that order. ECF No. 76. But Mr. Greer also missed that deadline, and made no efforts to comply with it.

4) Starting in February of 2024, Mr. Greer decided he needed a 90-day stay of all proceedings, in addition to the 30-day stay he had already obtained. ECF No. 77. As purported "good cause," Mr. Greer stated that he wanted to hire attorneys to represent him (over three years after this case began) and that he was sure such attorneys would be fully retained and prepared to appear by May 6, 2024. *Id*. at 7.[2]

5) Mr. Greer's request for a 90-day stay was denied. ECF No. 96. Mr. Greer admits that the lawyers he consulted warned him that such a result might occur, ECF No. 102 at 3, but filed the motion anyway and disregarded all pending deadlines in blatant disregard for those warnings. Mr. Greer never responded to any substantive pleadings or took any other action, treating this case as if his stay was granted. Indeed, Mr. Greer only awoke from his legal slumber after the case had been transferred to Pensacola, filing multiple protests in the wrong

---

[1] Mr. Greer again seeks leave to file a Reply to the Answer in this matter at ECF No. 119 at 5. As with his previous requests, Mr. Greer has offered no explanation for why the Complaint and the Answer in this matter should not close the pleadings as they would in any normal civil case. Nor has Mr. Greer explained why this Court ought to revisit the order entered at ECF No. 73 at 2.

[2] As of the date of this filing, no attorneys have appeared for Mr. Greer notwithstanding that May 6, 2024 is now in the rearview mirror and notwithstanding that Mr. Greer elected to proceed *pro se* in filing the Complaint in this matter in 2020 and has thus had almost four years in which to retain any attorney he might wish to retain. ECF No. 2.

court after that court had divested itself of jurisdiction and protesting action that had already been taken, which Mr. Greer could have done at any point prior to the transfer being granted.

6) Mr. Greer's extraordinary behavior caused these proceedings to be multiplied and delayed, effectively affording Mr. Greer his requested 90-day stay, which would have ended on May 6th, 2024. With the eventual resolution of Mr. Greer's late-filed lamentations in the wrong court, this case now firmly sits in Florida, and remains in the exact same position it has been in since January of 2024 with no forward movement of any kind. Mr. Greer has still not retained counsel, despite his repeated promises to the court, and despite being given exceptional awards of time which no ordinary plaintiff would have received and after twice setting his own preferred deadlines and then failing to meet those deadlines. ECF No. 76 at 3 ("Plaintiff will file the proposed schedule by the date of 2-8-24."), ECF No. 77 at 7 (Plaintiff asks that the case resume May 6th, 2024, as that should be ample time to properly retain [counsel]").

7) Over five months after the relevant Defense motions were filed at ECF Nos. 62-65, Mr. Greer has now moved, yet again and long after the expiration of numerous extended deadlines and confusion caused by his own repeated untimely grievances filed in the wrong court, for another extension of time. ECF No. 119. As purported good cause for an extension, Mr. Greer cites only to his own ignorance. ECF No. 119 at 4.

8) Mr. Greer's ignorance of the law is not good cause for an extension. *Sweeney v. Smith*, No. 2:04-CV-0070-RWS, 2005 U.S. Dist. LEXIS 51573, at *11 (N.D. Ga. Feb. 3, 2005) (collecting cases) ("Virtually every court to have addressed the issue has rejected the position that a plaintiff's *pro se* status and ignorance of the Federal Rules amounts to 'good cause'…"). What's more, Mr. Greer's decisions that have led to this point in the litigation have been

entirely his own: Mr. Greer elected to file this case *pro se* over three years ago. ECF No 2. Mr. Greer elected not to heed his own consulting lawyers' advice that his motions might be denied. ECF No. 102 at 3. Mr. Greer's sole actions to prosecute this case in almost four years have consisted of his filing of the Complaint and his multiple motions to stall the case; he has taken zero affirmative steps to advance the litigation, comply with scheduling orders, make initial disclosures,[3] or facilitate the opening of discovery. Indeed, Mr. Greer has flatly refused to engage in the initial planning conference as required by Fed. R. Civ. P. 26 and under the former U.S. District Court's orders, including as set forth at ECF No. 74.

9) Even if Mr. Greer's ignorance of the law were good cause, case law makes clear that good cause alone is insufficient to grant an extension after a deadline has already passed. After a deadline has already expired, an extension may only be granted if good cause is accompanied by excusable neglect. Fed. R. Civ. P. 6 (b)(1)(B). Good cause alone is only sufficient for an extension which is sought *prior* to the expiration of a deadline. Fed. R. Civ. P. 6 (b)(1)(A). But a *pro se* litigant's "misunderstanding of unambiguous procedural rules" cannot constitute excusable neglect." *Ford v. Waage* (*In re Ford*), No. 8:19-cv-02724-MSS, 2020 U.S. Dist. LEXIS 263801, at *19 (M.D. Fla. Aug. 3, 2020).

10) This case has continued for far too long in the face of repeated stalling maneuvers from a Plaintiff who has taken absolutely no steps to make this case ripe for a resolution on

---

[3] After almost four years of litigation, Mr. Greer emailed what he calls his initial disclosures to undersigned counsel on May 15, 2024. However, those "disclosures" disclose nothing at all. Mr. Greer states in them that he has witnesses, but he refuses to identify them or provide their addresses. Mr. Greer states that he has no electronically stored information except for voluminous electronically stored information which he admits he has, none of which he has catalogued or provided. Indeed, Mr. Greer's "disclosures" could be more accurately characterized as blanket refusals to disclose.

4

its merits and cannot even be bothered to keep a current address on file with the Court. ECF No. 120. It should be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41 (b).

WHEREFORE, the Defendants submit that Mr. Greer's latest motions for an extension of time should be denied because he establishes neither good cause nor excusable neglect for granting such motions, and this case should be dismissed for failure to prosecute.

Respectfully submitted this the 15th day of May, 2024,

/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was filed via CM/ECF this 15th day of May, 2024, and that I also deposited a true and correct copy of the same into the U.S. Mail, with First Class Postage prepaid, addressed to:

1. The address Mr. Greer provided in an exhibit at ECF No. 95 at 5, but nevertheless insists is not accurate:

   Russell Greer
   1155 East Twain Avenue
   Suite 108420
   Las Vegas, NV 89169

2. The address Mr. Greer has provided to the Court:

   Russell Greer
   1155 South Twain Avenue
   Suite 108420
   Las Vegas, NV 89169

3. Mr. Greer's home address:

Russell Greer
3651 Arville St. Apt 711
Las Vegas, NV 89103

I also emailed a copy of the foregoing to Mr. Greer at an address he has used in correspondence to me, to wit: russmark@gmail.com.

I have served this document on multiple physical addresses and also via email for the same reasons set forth at ECF No. 120 at 5-8.

Dated: May 15, 2024

/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com
