Russell Greer
1155 South Twain Ave
Suite 108420
Las Vegas, Nevada 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

## IN THE UNITED STATES DISTRICT COURT DISTRICT FOR

## THE NORTHERN DISTRICT OF FLORIDA (Pensacola Division)

**RUSSELL G. GREER,**

       Plaintiff.

v.

**JOSHUA MOON,** publisher of the website
Kiwi Farms **et al**

       Defendants

.

**PLAINTIFF'S MOTION
TO  RETRANSFER VENUE**


Case No.: 3:24-cv-00122-MCR-ZCB

Judge:



FILED USDC FLND PN
MAY 20 '24 PM1:41

Plaintiff Russell Greer comes now and files this motion to retransfer this case to the District of Nevada or in the alternate, to the District of Utah. Attached is the memorandum of support for the motion.

By:

Russell Greer

Pro Se Litigant

/rgreer

**05-14-24**

Russell Greer
1155 South Twain Ave
Suite 108420
Las Vegas, Nevada 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

## IN THE UNITED STATES DISTRICT COURT DISTRICT FOR

## THE NORTHERN DISTRICT OF FLORIDA (Pensacola Division)

| | |
|---|---|
| **RUSSELL G. GREER,** | **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO RETRANSFER VENUE** |
| Plaintiff | |
| v. | Case No.: 3:24-cv-00122-MCR-ZCB |
| **JOSHUA MOON,** publisher of the website Kiwi Farms, **and KIWI FARMS**, a website | Judge |
| Defendants | Magistrate  Judge: |



FILED USDC FLND PN
MAY 20 '24 PM1:41

Plaintiff Russell Greer comes now and says:

## INTRODUCTION

This case was transferred to the Northern District of Florida on 04-30-24 after the District of Utah unfairly granted a motion to transfer.

The District of Utah failed to see that Defendants forfeited any venue considerations by not listing venue as a defense in their initial responsive pleadings filed back in 2021. See *FRCP 12(H)*. Further, the District of Utah failed to see that Florida would be very inconvenient for Plaintiff and his witnesses.

For the convenience of all parties and for appropriate justice, Plaintiff requests a Motion to Retransfer Venue to the District of Nevada.

## RETRANSFER ELEMENTS

Several circuits have held that a party who believes a case was wrongly transferred, must file a *motion to retransfer venue*. A party "may initiate a new proceeding seeking retransfer in the transferee court…which may be reviewed in the transferee circuit. *E.g., Starnes v. McGuire,* 512 F.2d 918, 925 (D.C.Cir.1974) (en banc). This is a "prevailing view amongst the circuits". *Purex Corp. v. St. Louis National Stockyards Co.*, 374 F.2d 998, 1000 (7 Cir. 1967); see 15 C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure § 3846 at 230 (1976). Retransfer motions are also allowed in the 11th Circuit. (Party has an alternative means of obtaining relief: it can move in the district court for retransfer. The 11th Circuit can then review the transfer order. See *Linnell v. Sloan*, 636 F.2d 65, 67 (4th Cir.1980)

## Federal Law Governing Retransfer

U.S.C. § 1404(a), provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought". The determination whether the circumstances warrant transfer under § 1404(a) is "peculiarly one for the exercise of judgment by those in daily proximity to these

4

delicate problems of trial litigation". *Time, Inc. v. Manning*, 5 Cir. 1966, 366 F.2d 690, 699

(1966) (quoting *Lykes Brothers Steamship Co. v. Sugarman*, 2 Cir. 1958, 272 F.2d 679, 680

(1958)). Accordingly, the decision whether to transfer a case is left to the sound discretion of the

district court and is reviewable only for an abuse of that discretion. *In re McDonnell-Douglas

Corp.*, 5 Cir. 1981, 647 F.2d 515, 516 (5th Cir. 1981).

### Retransfer to District Where Case Might Have Been Brought

As 1404(a) states, a retransfer is limited to those districts or divisions where the case "might

have been brought." 28 U.S.C. § 1404(a); American Standard, 487 F. Supp. at 261, See *Hoffman

v. Blaski*, 363 U.S. 335, 344 (1960). The transferee court must be a proper venue and have

personal jurisdiction over the defendant "when suit was instituted." Id. at 343 (quotation

omitted); see also *Washington Pub. Util. Group v. U.S. Dist. Ct. for W. Dist. of Wash.*, 843 F.2d

319, 328 (9th Cir. 1987) (stating that "a district court must have both personal jurisdiction over

the parties and venue to hear a case"). The party seeking the transfer bears the burden of showing

transfer is appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th

Cir. 1979); see also *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010). The decision whether to

transfer lies.

Plaintiff moves to have the case transferred to the District of Nevada because it is where this

case "might have been brought". 28 U.S.C. § 1404(a). Further, it will be established that

Defendants have engaged in years long copyright infringement sprees against Plaintiff and thus

Nevada would have jurisdiction over Defendants.

For the following reasons a retransfer is sought.

### 1. Transfer to the Northern Florida District is Procedurally Invalid

### A. Federal Rules of Civil Procedure Guidance

Defendants moved for a venue transfer *THREE YEARS AFTER* they filed their *Rule

12(B)(6)* motion in 2021.

5

*Federal Rules of Civil Procedure 12* prevents any untimely venue change requests or contentions. Federal Rules of Civil Procedure 12(H) reads:

*"(h) Waiving and Preserving Certain Defenses.*

*(1) When Some Are Waived. A party waives any defense listed in Rule 12(b)(2)–(5) by:*

*(A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or*

*(B) failing to either:*

*(i) make it by motion under this rule; or*

*(ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1)as a matter of course."*

Federal Rules of Civil Procedure 12(b)(2)-(5) lists defenses waived if not first used as: (2) lack of jurisdiction, **(3) improper venue,** (4) insufficient process and (5) insufficient service of process. The only defense not waived if not first used is (6) failure to state a claim, per FRCP 12(H)(2).

Looking back at this case's docket, Defendants filed a pre-answer motion (a Rule 12(B)(6) motion), Document Number 20, on 04-09-2021. The motion raised the following arguments: (1) defamation claims barred by statute of limitations (page 3), (2) immunity (page 4), (3) infringement (page 5), (4) Utah code arguments (page 5), (5) false impression and publicity (page 6), and (6) false statements (page 9).

Nowhere in the 04-09-2021 Rule 12(b) motion do defendants raise venue or jurisdiction complaints. Although the 04-2021 motion was filed by Defendants' former attorney, switching lawyers (from Mr. Skordas to Mr. Hardin) doesn't allow Defendants to skirt and ignore these procedures that have been upheld by both the 11th and 10th Circuits.

**B. Federal Circuit Holdings on failing to Raise Venue**

I.      **10th Circuit Holdings**

The circuit that this case was transferred from, the 10th Circuit, is quite clear on this: protestations regarding venue are waived if they are untimely asserted. *Fed.R.Civ.P. 12(h)(1)*. *Williams v. Life Savings and Loan*, 802 F.2d 1200 (10th Cir. 1986). "If a party files a pre-answer motion and fails to assert the defenses of lack of venue, personal jurisdiction or insufficiency of service, he waives these defenses." *Oaklawn Apartments,* 959 F.2d at 175.

The 10th Circuit has interpreted *28 USC 1404* by holding: "Venue is a personal privilege of a defendant, which may be waived by the failure to make timely objection. There is authority for the view that "[i]t is not proper for the court to dismiss an action on its own motion for improper venue if there has been no objection from the party for whose benefit the privilege exists." 15 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3826, at 257 (2d ed. 1986). *Arnold v. Maynard*, 942 F. 2d 761 (10th Circuit 1991). This is on-par with what FRCP 12(H) reads.

## II.    11th **Circuit Holdings**

The 11th Circuit case law echoes the same sentiment. Lack of personal jurisdiction and improper venue are waivable defects. *Harris Corp. v. National Iranian Radio, Etc.,* 691 F.2d 1344, 1349, 1353 (11th Cir.1982). Both defenses are waived when a defendant files a responsive pleading or Rule 12 motion failing to assert them. *Id.* In the absence of a waiver, a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss (or transfer) without first giving the parties an opportunity to present their views on the issue. *See Costlow v. Weeks*, 790 F.2d 1486 (9th Cir.1986) (upholding sua sponte order to plaintiff to show cause why the complaint should not be dismissed for improper venue). The defendants in some cases may wish to waive the defenses, and the plaintiffs ought to have an opportunity to respond to the defenses before their cases are dismissed.

III.     **United States Supreme Court Holdings**

Failure to make a timely objection to venue, thus resulting in waiver of venue, is engrained

in federal case law, going as far back as 1929. The United States Supreme Court faced the

question of what constituted "seasonably" (timely) in the case of *Commercial Casualty Ins. Co.*

*v. Consolidated Stone Company*, 278 U.S. 177 (1929). It held: "We are of the opinion that the

privilege is of such a nature that it must be asserted at latest before the expiration of the period

allotted for entering a general appearance and challenging the merits....In common practice,

objections to venue are presented and acted upon at an earlier stage; and this, so far as we are

advised, is true of the elective privilege here in question...To hold that such a privilege may be

retained until after the suit has reached the stage for dealing with the merits and then be asserted

would be in our opinion subversive of orderly procedure and make for harmful delay and

confusion." *Id.*

The *Commercial Casualty* opinion has been followed as recently as 2013: *Joe Hand*

*Promotions v. Elmore*, No. 11-CV- 3761 (KAM)(SMG), (E.D NY 2013) (denying improper

venue due to waived contentions).

IV.     **Lack of Reply from Plaintiff Didn't Warrant a Transfer**

In granting a transfer, the District of Utah stated it was transferring the case because Plaintiff

never opposed the transfer. The FRCP, case law and their binding effects stand with or without a

reply from plaintiff. Venue is waived only if the party protesting the current venue doesn't raise

it in the first Rule 12 motion or at the start of the case, not if the non-complaining party doesn't

answer a reply to venue change. In fact, the FRCRP and 28 USC and the surrounding case law

clearly states waiver only happens if the one wanting a venue change doesn't invoke venue in a

timely manner. Three years later and with their first 12(b) Motion filed around that time,

defendants don't get to suddenly raise and request a new venue. This should have been very

apparent, even without any answer from plaintiff.

The case law surrounding both the FRCP and 28 USC 1404 are clear: Courts are required to be aware of the policies and case law regarding venue change motions. Once waived, venue and personal jurisdiction may not be granted by the court. *Zelson v. Thomforde*, 412 F.2d 56, 58 (3rd Cir.1969) (holding it was error for the district court to dismiss a case sua sponte for want of personal jurisdiction, where the defendant appeared without objecting to the court's jurisdiction over him). Here, defendants missed their shot to protest venue, yet still were granted a venue change.

By the District of Utah still allowing a transfer, this goes against established, controlling and persuasive case law, e.g. Courts may not dismiss or transfer a case sua sponte for improper venue absent extraordinary circumstances." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999); *Pisani v. Diener*, No. 07-CV-5118, 2009 WL 749893, at *23 n.6 (E.D.N.Y. Mar. 17, 2009) ("[T]he Court recognizes that a sua sponte dismissal for improper venue would be unwarranted absent extraordinary circumstances."); see also *Joseph v. N.Y.C. Dep't of Corr.*, No. 10-CV-1265, 2011 WL 1843162, at *2 n.3 (E.D.N.Y. May 13, 2011) ("[A]lthough it is unclear whether venue is proper in this district, because Defendants have failed to raise this argument in their initial papers, they have waived any objections to improper venue."); see also *Hoffman v. Blaski,* 363 U.S. 335, 343 (1960) ("A defendant, properly served with process by a court having subject matter jurisdiction, waives venue by seasonably to assert it, or even simply by making default."). With the case law recited, it was clearly an error of law for the District of Utah to transfer because Plaintiff didn't file a response (due to his excuse neglect surrounding the procedure, as previously explained).

Therefore, per *both* 10th Circuit *and* 11th Circuit binding case law and the FRCP, venue considerations are waived if not timely asserted. It was a mistake of law for the District of Utah to transfer the case and thus this transfer to the Northern District of Florida must be vacated and the case must be retransferred to Plaintiff's venue.

## 2.  Defendants Have Targeted Plaintiff and Availed Themselves to His Choice of Venue

Plaintiff requests a re-transfer because he never would have brought the case to the Northern District of Florida because Defendants Joshua Moon and Kiwi Farms have relentlessly targeted Plaintiff's copyrights and therefore availed themselves to Plaintiff's choice of venue. As the 10th Circuit pointed out in the appeal of this case, "Instead of honoring the requests, Mr. Moon posted his email exchange with Mr. Greer to Kiwi Farms, belittling Mr. Greer's attempt to protect his copyrighted material without resort to litigation." *Id.*

And this wasn't just one time. From 2018 to 2019, Joshua Moon oddly challenged Greer and even dared Greer to sue him, by saying, "Try me." This was established in Greer's complaint. (Plaintiff's Complaint, paragraph 71),  Moon's challenges incited his users to harass Greer as well. This was also established by the 10th Circuit. (Footnote 11: ongoing, repeated infringements by Moon's users). *Id.*

The conduct of Moon falls under the established precedents for purposeful direction in the 11th Circuit and by the Supreme Court of the United States. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) ("purposefully directed'" his activities to forum residents and the resulting litigation derives from alleged injuries that "arise out of or relate to'" those activities.).

In relation to copyright, the 11th Circuit has found that purposeful direction stems from "one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another.'" *Casella v. Morris,* 820 F.2d 362, 365 (11th Cir.1987). The 10th Circuit in the appeal of this case found that it was plausible that Moon secondarily infringed by materially contributing to the infringement. *Greer v. Moon,* 83 F. 4th, 1283 (10th Cir. 2023) ("We hold Mr. Greer has stated plausible claims of contributory copyright infringement against Mr. Moon and Kiwi Farms. The judgment of the district court is REVERSED and this case is REMANDED for further proceedings.").

Yes, Defendants live or do business within the Northern District of Florida, but that is ***not the deciding factor for venue.*** Venue can be based upon any different factors. Lawsuits can be transferred to jurisdictions that satisfy *28 U.S.C. § 1391(a)*, including;

(1) a judicial district where any defendant resides, if all defendants reside in the same State,

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated,

**_or_**

(3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. *28 U.S.C.A. § 1391. Runk v. United Fire & Casualty Co., No. 4:09 CV 43,* (N.D. Indiana 2009).

As established herein, Defendants have targeted Plaintiff and thus 28 USC 1391(a)(2) gives proper rise to venue. With the 10th Circuit stating infringement was plausible by Moon and with the same reasoning falling within the 11th Circuit in other controlling cases, there was no reason to transfer the case to this District, as Defendants directed infringement towards Plaintiff and therefore Plaintiff would have never brought the case to Florida nor should have Plaintiff been subjected to Defendants' choice of venue. But the Utah District transferred regardless, ignoring these facts.

### 3.   Case Might Have Been Brought to Nevada

This case was filed in October 2020 in the District of Utah. It was filed in Utah because Greer was living there. He had lived in Utah from 2010 and then in 2013 to 2020. From 2011 to 2012, he lived in Phoenix, Arizona.

In October 2020, when the case was filed, Greer was preparing to move to Las Vegas, Nevada. He filed in Utah to meet the 3 year statute of limitations for copyright infringement for the violations of his book, *Why I Sued Taylor Swift.* Because he hadn't yet moved to Nevada, he

was unsure if filing in Nevada would be valid. But because he was preparing to move to Nevada, Nevada is a District where the case might have been brought because he moved to Nevada in December 2020, two months after filing the lawsuit.

In light of the recent U.S. Supreme Court decision in *Warner Chappell Music v. Nealy*, it can be argued that this case "might have been brought" in the District of Nevada.

## A.  The Nealy Case

In *Nealy*, the United States Supreme Court held that a copyright holder may file a copyright infringement suit based on the date of discovery, not on the date of the actual infringement. *Warner Chappell Music v. Nealy*, No. 22-1078 (2024). As stated in the Complaint, the infringement occurred shortly after Greer published his book in October 2017. Greer didn't discover infringements until early 2018. *Pre-Nealy,* it was mandated to sue for infringement 3 years from the date of the infringement. Greer was following the *Pre-Nealy* copyright guidance by filing within the 3 year infringement period. Had *Nealy* been ruled on prior to 2020, Plaintiff would have known that he could have waited a few more months to file in Nevada since he was moving there, instead of rushing to file in the District of Utah, a district that plaintiff was moving from.

Thus, following *Nealy,* the caee might have been brought to Nevada had Plaintiff known he could have filed based on infringement discovery and not on infringement date.

## B.  Ongoing Copyright Infringements by Kiwi Farms while Greer Has Been Residing in Nevada

Another factor that points to where the case might have been brought is the ongoing infringement and harassment by Kiwi Farms' users. Since early 2021, while living in Nevada, Kiwi Farms users have contacted Greer on all fronts and in all forms, bragging that they are purposely sabotaging Greer's intellectual property.

A few Kiwi Farms users are insanely obsessed with ruining Greer and have sent Greer messages through remailer services, which are sites people can send messages through and make it very hard to track them. In September 2021, an individual bragged that he or she was ruining Greer's songs through negative reviews and that "no disabled people will be allowed to succeed." This person also sent pictures of Adolf Hitler, which is an implied threat to Greer since Greer is disabled and the Nazis were known for killing the disabled. **EXHIBIT A.** Similar messages have been received through 2022 and 2023 while in Nevada.

Plaintiff has spent the last few years trying to block, ignore or track down the kiwi farms trolls. **EXHIBIT B.**

In early 2021, Greer assembled a musical group for an America's Got Talent audition. Somehow, a Kiwi Farms user tracked down the musicians and started harassing the musicians and "warning" them about Greer. The user also convinced the musicians to give the user Greer's copyrighted audition video and the user then distributed the audition video onto Kiwi Farms. This is a pattern of behavior for Kiwi Farms users. Said users have contacted Greer's contacts on social media and have sent the contacts links to Kiwi Farms, with the contacts unaware that Kiwi Farms is a bastion of harassment and doxxing. **EXHIBT C.**

In April 2023, Kiwi Farms users hacked Greer's Internet Movie Database (IMDB) profile and began sabotaging a copyrighted movie Greer was trying to market to have production begin. The sabotage was the Kiwi Farms users changing character names from the movie's characters to crude names like "deranged paralegal", "Butt Face", and adding Adolf Hitler to the page. The kiwi farms users also changed the production company to "Greg Skordas Productions" (Moon's former lawyer) and changed the movie profile picture to a weird Gollum-like creature.[1] They changed the genre from comedy to horror.

---

[1] Gollum is the mutant/Hobbit-hybrid in The Lord of the Rings.

The sabotage can't be undone because the IMDB internal customer support didn't seem to understand what was going on. IMDB has a policy of people adding information to a film and the kiwi farms users have taken advantage of this community collaboration to sabotage Greer's IP rights. The sabotage made an actress drop out of filming. **EXHIBIT D.**

Greer was planning on releasing his copyrighted song, "She Don't Like Nice Guys", but has had to hold off on releasing more music because the ***KIWI FARM USERS WILL….NOT…..STOP.*** **EXHIBIT E.** Greer delayed the song release from 2022 to summer of 2024. He is unsure if he has to postpone again.

The kiwi farms users have purchased domain names in Greer's name in an attempt to further ruin his life and reputation. **EXHIBIT F.**

This is not an exhaustive list of all of the examples of Defendants' purposeful infringement, but the examples are enough to establish that the infringement is ongoing and that Defendants continue to target Plaintiff, with Moon contributing to the infringement.

Joshua Moon and the other defendants try to use fair use as a defense to their horrendous actions of ruining some one else's dreams and aspirations and making copyrights unmarketable, but make no mistake about it, Kiwi Farms has targeted Plaintiff and continues to target Plaintiff in Nevada. Another point to mention is that fair use fails because a genuine fair use would honor the wishes of those seeking to have their IP removed from websites. Instead of removing, Moon taunts complete strangers and those taunts incite and excite his users. This is why sites like Kiwi Farms are so terrible because people from around the globe can congregate and harass compete strangers.

The 10th Circuit found that Moon plausibly contributed to the infringement because the infringement is ongoing and Moon is well-aware of the infringement. *Greer v. Moon,* 83 F. 4th, 1283 (10th Cir. 2023). In April and May 2024, Defendants' counsel has refused to settle the case and instead tried framing the case as frivolous, completely ignoring the 10th Circuit ruling. In

2022, mediation was held between Greer's attorneys and Moon's and Moon declined a simple offer of settling the case in exchange for removing Greer from the website.

With the ongoing infringement, transferring this case to the District of Nevada is appropriate because Nevada is a District where the case might have been brought. A suit "might have been brought" in a district if the "plaintiff has a right to sue in that district, independently of the wishes of defendant." *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960). Plaintiff has a right to sue because the ongoing infringement is targeting new copyrights in the District of Nevada.

### 4. Florida is Inconvenient for Greer's Witnesses

A motion to retransfer is also for connivence of parties and witnesses. Defendants named vague witnesses in their motion to transfer, which leads one to believe there are no witnesses. Greer, on the other hand, HAS REAL witnesses who are eager to testify to the devastation Kiwi Farms has caused to Greer's intellectual property and works. Florida is too far for these witnesses.

One witness is Greer's father who has witnessed firsthand the infringement and the constant nuisance that is Kiwi Farms. In 2022, Greer's family witnessed the emotional toll Kiwi Farms' infringement had on Greer that they had the Las Vegas police department go to Greer's house. Greer's father has Parkinson's and so flying to Florida would not be comfortable for him.

Another witness is Steve Taylor, who is a friend of Greer's and who lives in Utah. He has witnessed the infringement perpetrated by Kiwi Farms.

There are more witnesses that would be called and summoned for a trial, who DO NOT LIVE IN FLORIDA, and so a venue transfer to Nevada would be easier for the witnesses to get to, as Nevada is only a 6 hour drive from Utah or a short flight, whereas Florida requires flying from the Rocky Mountain states.

### 5.  9th Circuit Law Resolves this Case Better than 11th or 10th Circuit law

If this Court may look back to the original dismissal of this case back in September 2021, the Court will see that the Utah District Court refused to apply 9th Circuit law. Although the 10th Circuit reversed the dismissal, it refused to address whether 9th Circuit law could be applied to this case, see Footnote 12 in *Greer*: "Because we conclude the issue is resolved under controlling precedent in this circuit— including *Grokster* and *Diversey*—we express no view of the Ninth Circuit's contributory infringement framework." *Greer v. Moon,* 83 F. 4th, 1283 (10th Cir. 2023).

Transferring to Nevada helps resolve this case better because Nevada is in the 9th Circuit and the facts of this case fall in line with two monumental 9th Circuit rulings: *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007) and *A&M Records v. Napste*r, Inc., 239 F.3d 1004 (9th Cir. 2001). *Napster* established that running a website and refusing to remove access to infringing materials would be material contribution. *Perfect 10* established that receiving notice of infringement, but not doing anything, would also be material contribution.

### 6.       Alternative transfer to Utah

If this Court deems that Nevada is not a district where the case could have been brought, then Plaintiff requests a transfer back to Utah because it is convenient for the witnesses and because Moon waived any venue considerations by not bringing venue up in 2021 in his 12(B) motion.

However, Plaintiff would request that Utah only be the alternative venue to be transferred to if Nevada can't suffice because Utah has been openly unfair and biased towards Plaintiff. Florida is just too far and inconvenient for Plaintiff and his witnesses.

### <u>CONCLUSION</u>

Plaintiff kindly requests that this case be transferred to the District of Nevada because:

1.  The transfer to Florida was procedurally invalid and the District of Utah allowed it out of pure bias towards Plaintiff.

2.  Nevada is a district where the case "might have been brought".

3.  Nevada is where ongoing infringement has been felt because defendants purposefully target Plaintiff.

4.  Controlling copyright law in the 9th Circuit can better resolve this case than any 11th Circuit case law can.

If a transfer to Nevada can't be allowed., then transferring back to Utah would help witnesses.

By:

Russell Greer

Pro Se Litigant

/rgreer

**05-14-24**

## <u>Certificate of Service</u>

Plaintiff affirms that service was made to Defendants via email on 5-14-24 and that said attorney for defendants is Matthew Hardin. Delivery via FedEx to Hardin's listed address is also being made.

### Local Rule 7.1 Certificate

I certify that the memorandum does not exceed 8,000 words. The word count is 4594 words, per Microsoft Office.

By:

Russell Greer

Pro Se Litigant

/rgreer

__05-14-24__

# Exhibit A



pezy1e+4n10n9...   Yesterday
To:

# The end is coming

Well, Russell... looks like this is the end for you. Your new song failed thanks to troll comments. Your lawsuit failed thanks to payments made by Kiwi Farms to judges and lawyers to "look the other way" when you made filings and ignore all your arguments. And now our agents have smeared your name on Twitter, destroying any chance you had to be an activist.

No disabled people will ever be

6



Well, Russell... looks like this is the end for you. Your new song failed thanks to troll comments. Your lawsuit failed thanks to payments made by Kiwi Farms to judges and lawyers to "look the other way" when you made filings and ignore all your arguments. And now our agents have smeared your name on Twitter, destroying any chance you had to be an activist.

No disabled people will ever be allowed to succeed. The fact is, you could have been the leader of a new generation of disabled activists... but thanks to us, that will never happen. But you should feel flattered. This has been a very



**.ıll Verizon 🤏**   **12:22 PM**   👁 🎧1 23% 🔋

5 Messages

‹ 191   **The end is coming**   ∧   ∨

There is no hope for you... only despair... darkness... and doom.

Yours,

Kiwi Farms

----

Sent using Guerrillamail.com
Block or report abuse: https://
www.guerrillamail.com//abuse/?
a=U1RnFgABUb81jwO1%2BXJRcRv
K



# Exhibit B

5:08

**Mark Scott**
Active 1h ago

Hi there – I am dropping you a DM to let you know that you have a nasty, convicted e-stalker that goes by just_some_dude_named_russell_greer29 following you and I felt you should know.

I have a sister and would appreciate knowing this. Here is his page : https://www.instagram.com/just_some_dude_named_russell29/

To learn more, and it is a crazy ride, start here for the summary:

https://kiwifarms.net/threads/russell-greer-just_some_dude_named_russell29-a-safer-nevada-pac.30488/

just_some_dude_named_russell29

Reply...

# Exhibit C



ꜱꜱꜱ Verizon LTE  10:33 PM  39%

‹ Sent

# This email address is harassing me

Dear Hush Mail Abuse team,

The person using this address:
a908ca23-e5fc-4b39-ba36-
d1766f1d4d28@nym.hush.com

is sending harsssing messages to people about me. They are from a hate site that won't leave me alone.

1. Please deactivate their address.

2. Please give me an address to where a summons can be served to obtain the information on this

# Exhibit D(1)

## "Always Yours" IMDB page before the kiwi farms sabotage



.ıl Verizon LTE     8:31 PM

< Back     **IMDbPro**

## Always Yours
Comedy

| Track | Add to list |

**Overview**    Cast    Filmmakers    Contact

A man discovers his high school crush is a sex worker. Hilarity ensues when he does all he can to persuade her to leave the industry.

# Filmmakers     See all (1)

Writer     Russell Greer   >

**Status**



Home    Search    Notifications    Jobs

# Exhibit D(2)

# "Always Yours" IMDB page after the kiwi farms sabotage



## Cast

See all (1)



Russell Greer
Deranged
Paralegal

142,244

## More details

Technical specifications  >

Production status  >

Trivia  >





Always Yours

Horror

3 min

**Track** | Add to list

Details | Box Office | News | **Links**

## Links 🖊

2 links

## Official websites

1 link

Producer Website (russellgreer.net)

## More links





**Cast**                              See all (1)



Russell Greer
Drooling
Hunchback

142,244

## More details

Technical specifications          >

Production status                 >



**Russell Greer**      11:48 AM
To: support-imd... & 1 more >

## Re: Your IMDb Inquiry

Luke,

The USER is STILL making harassing edits on my page. Please ban him and only allow me to make edits

Russell Greer



**RG** **Russell Greer** 11:25 AM
To: support-imd... & 1 more >

## Re: Your IMDb Inquiry

Hi, Luke.

Is there a legal department within IMDB where I can serve a subpoena on said user? And can I have assurances said user was terminated from IMDB?

# Exhibit E





View insights

Boost post

Liked by **zombielandtexas2** and **others**

**just_some_dude_named_russell29** My song release will be delayed. Waiting to hear back from the #10thcircuitcourtofappeals on whether my rights as an artist matter or not.

#music #delayed #disabled #artist #vegas

May 13, 2023

    

# Exhibit F



Align top of FedEx Express® shipping label here.



ORIGIN ID:BLDA  (801) 895-3501
RUSSELL GREER

1155 S TWAIN AVE.
STE. 108420
LAS VEGAS, NV 89169
UNITED STATES US

SHIP DATE: 16MAY24
ACTWGT: 0.60 LB
CAD: 6992810/SSF02500

BILL CREDIT CARD

TO US DISTRICT CLERK
UNITED STATES COURTHOUSE
ONE NORTH PALAOFX ST.

PENSACOLA FL 32502

(000) 000 - 0000          REF:
INV:
PO:                       DEPT:



FedEx
Express



TRK# 2747 4793 9937
0201

MON – 20 MAY 5:00P
** 2DAY **

SH PENSG          PNSA 32502
                  FL–US  BFM

