UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
(Pensacola Division)

RUSSELL GREER,

      *Plaintiff,*

v.

JOSHUA MOON, *et al.*,

      *Defendants.*

Case No. 1:24-cv-122

**MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION AT ECF NO. 123**

NOW COME the Defendants, by and through undersigned counsel, and submit the following Memorandum of Law in Opposition to the Plaintiff's Motion at ECF No. 123.[1]

**I. Introduction**

Mr. Greer slept on his rights as a Plaintiff for months or even for years. He failed entirely to respond to any defensive pleadings filed in the District of Utah, including a motion to transfer the case to this District. ECF No. 64 (filed January 17, 2024). When transfer was eventually granted as unopposed, ECF No. 97,[2] Mr. Greer threw a tantrum on the docket of the transferring court. ECF No. 105. Because that Court divested itself of jurisdiction and expressed no inclination to indulge Mr. Greer in his fantasies of litigating in Utah and at his own pace, ECF No. 116, Mr. Greer largely

---

[1] Mr. Greer has filed innumerable irrelevant and scandalous allegations and purported exhibits along with his motion, including most notably a portrait of Adolph Hitler at ECF No. 123 at 24. Defendants have ignored Mr. Greer's irrelevant and scandalous submissions in an effort to focus on the legal arguments rather than distract the Court with evidentiary objections or motions to strike.

[2] Mr. Greer had filed a Motion to Stay which was denied on March 14, 2024. ECF No. 96. Mr. Greer filed nothing in the time that elapsed between the denial of his motion for a stay and the grant of the Defendants' motion to transfer this case to Florida. This includes Mr. Greer's failure to file any tardy opposition to the Defendants' motion at ECF No. 64 and a failure to show any good cause for failure to file a timely opposition.

1

repeats those same arguments here. ECF No. 123.

Mr. Greer's motion should be denied because he is attempting to ping-pong this case across the country for no legitimate reason or even in a blatant and confessed attempt to forum shop. Mr. Greer's motion should also be denied because this is a case that can and should remain in Florida.

## II.     Standard of Review

28 U.S.C.S. § 1404 provides that "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." In the Eleventh Circuit, these considerations are evaluated under nine distinct factors:

> (1) the convenience of the witnesses;
> (2) the location of relevant documents and the relative ease of access to sources of proof;
> (3) the convenience of the parties;
> (4) the locus of operative facts;
> (5) the availability of process to compel the attendance of unwilling witnesses;
> (6) the relative means of the parties;
> (7) a forum's familiarity with the governing law;
> (8) the weight accorded a plaintiff's choice of forum; and
> (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

Once a transfer has been granted by one court, it ordinarily should not be revisited, lest chaos ensue, and the transferee court is deferential to the decisions of the transferor court. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1518 (10th Cir. 1991) (because of the law of the case doctrine, a request for retransfer is reviewed under standards "far more deferential than direct appellate review."). See also *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) ("[A]s a rule, courts should be loathe to [order retransfer] in the absence of extraordinary circumstances..."), and *In re Cragar Indus., Inc.*, 706 F.2d 503, 505 (5th Cir. 1983) ("Certainly, the decision of a transferor court should not be reviewed again by the transferee court.").

Retransfer is disfavored because "It is not the function of a district judge to consider errors allegedly committed by another district judge in the performance of his or her duties." *Id*. The transferring court's decision to transfer this case to Florida is part of the law of the case, as both the Eleventh Circuit and the U.S Supreme Court have held. *In re AFC Franchising, LLC*, No. 23-10756, 2023 U.S. App. LEXIS 18030, at *6 (11th Cir. July 14, 2023), citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988). As one court in this Circuit has noted, retransfer of a case back to whence it came will "accomplish little more than create further delay" and turn the judicial process into a game of "ping-pong." *Johnson v. S. Nuclear Operating Co.*, No. 2:07-cv-1213-TMP, 2008 U.S. Dist. LEXIS 128987, at *5 (N.D. Ala. Dec. 29, 2008)

As the U.S. Supreme Court has held, "Section 1404(a) was drafted in accordance with the doctrine of *forum non conveniens*, permitting transfer to a more convenient forum, even though the venue is proper." *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 60, 134 S. Ct. 568, 580 (2013) (internal quotations and citations omitted). The moving party bears the burden of establishing the propriety of a transfer under § 1404(a). *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

It is not a basis for transfer that a party believes one district court or that court's precedents will favor him substantively in terms of the matters in dispute. *Hunt v. Nationstar Mortg.*, No. 21-10398, 2022 U.S. App. LEXIS 14604, at *6-7 (11th Cir. May 27, 2022) (noting it "is not a legitimate reason for transfer" that "case law in the United States District Court for the Middle District of Georgia would be more favorable…).

**III.   Argument**

The Plaintiff seeks transfer to either Nevada or Utah under various wholly specious

3

theories, and fails to address why the transfer to this District should be revisited at all, or what "extraordinary circumstances" might suffice to allow this Court to revisit decisions made by the transferring court following Mr. Greer's decision to abandon his own case and its prosecution. Even if this Court were addressing Mr. Greer's request for transfer as if it were an initial request and not as a request for retransfer filed under circumstances caused entirely by an uncooperative Plaintiff, Mr. Greer has also failed to address the vast majority of the *Manuel* factors or the fact that the Utah District Court's findings—whether right or wrong – are now part of the law of the case under *In re AFC Franchising* and *Christianson*.

     First, the Plaintiff assumes that this case "might have been brought" in Nevada, notwithstanding that it was admittedly filed when Mr. Greer was not a resident of Nevada, that no operative facts took place in Nevada, and that there is no allegation that the Defendants reside in Nevada or undertook any action in Nevada. Second, Mr. Greer alleges cursorily that Utah or Nevada would be more convenient for two witnesses but Mr. Greer offers no information regarding what exactly those two witnesses are expected to testify they witnessed or why such testimony is relevant, and Mr. Greer's Rule 26 disclosures similarly reveal no witnesses who are anticipated to testify on any relevant topic. Third, Mr. Greer has repeatedly refused to provide any address at which he can be served or at which he resides, such that Mr. Greer cannot even be taken at his word that he actually resides in Nevada or that he is subject to the jurisdiction of the courts in Nevada or to their compulsory processes. Fourth, Mr. Greer confesses that he wants to litigate this case in Nevada because he prefers the substantive law of the Ninth Circuit or in Utah because he favors at least one decision of the Tenth Circuit, but Mr. Greer's preferences for a friendlier forum are expressly prohibited as the basis for seeking transfer. *Hunt*, 2022 U.S. App. LEXIS 14604, at *6-7.

Any of the above reasons standing alone would be sufficient for this Court to deny Mr. Greer's belated request for transfer. Taken together, they compel that result.

### a. Even if this Court wished to revisit the issue of transfer, the *Manuel* factors bar transfer.

This Court should not revisit the decision of the transferring court, which is now part of the case and which should not be revisited due to a lack of any extraordinary circumstances which would warrant this Court to cast aside the law of the case and revisit a decision made by a sister court after the Plaintiff abandoned his own cause. Nevertheless, even assuming this Court did wish to revisit the decisions made by the transferring Court, and even if this Court chose to evaluate Mr. Greer's motion as if it were an ordinary motion rather than a sequential motion seeking retransfer, Defendants respectfully submit that Mr. Greer's failure to address *Manuel or* any of the *Manuel* factors renders his arguments relating to the application of such factors waived.

In an abundance of caution and without in any way conceding that Mr. Greer has not waived arguments relating to *Manuel* factors he failed to address, Defendants note that *Manuel* counsels against retransfer to Nevada or Utah for the reasons that follow:

(1) The convenience of the witnesses does not favor adjudication in Utah or Nevada because Mr. Greer has offered no relevant proffer of what any Utah or Nevada-based witness might have seen or why proof cannot be offered via alternative means. Defendants have attached hereto the Rule 26 "disclosures" filed by the Plaintiff to further illustrate that there is no need to transfer this case out of any concern that relevant testimony will be excluded because of witness unavailability.

(2) The location of relevant documents and the relative ease of access to sources of proof is a neutral factor because, as the transferring Court noted, all Utah claims were dismissed and abandoned and only copyright claims ostensibly commited online and targeted at no specific

5

geographic area remain in this case. ECF No. 97 at 7-8.

(3) The convenience of the parties favors Florida because Mr. Moon is a domiciliary of Escambia County and because undersigned counsel resides in Okaloosa County, and because travel to Nevada would be inconvenient, expensive, and unnecessary in light of the Plaintiff's refusal to provide any valid Nevada address at which he can be served with compulsory process. ECF Nos. 94, 101, 120, 121, 125.

(4) The locus of operative facts is a neutral factor in light of the transferring court's decision which expressly held that there is no particular locus of facts in this case. ECF No. 97 at 7-8.

(5) The availability of process to compel the attendance of unwilling witnesses favors Florida because Mr. Greer cannot be served in Nevada due to his own decisions to provide multiple false addresses, as noted above, as well as Mr. Greer's refusal to provide a home address, and because no other witnesses are likely to have any relevant testimony and no witnesses have been disclosed under Rule 26.

(6) The relative means of the parties favors Florida because Mr. Moon and his counsel are Floridians and because it would be exceptionally expensive to force counsel to travel to Nevada to defend against a lawsuit originally filed in Utah. Moreover, Mr. Greer has already forced Mr. Moon to hire no less than three attorneys to represent the Defendants in this matter in two different states over almost four years of litigation, and transfer to Nevada would necessitate hiring a *fourth* defense attorney to serve as local counsel in a case brought by the Plaintiff but which the Plaintiff has abandoned at every turn. Additionally, although Mr. Greer is proceeding in this matter *pro se* and *in forma pauperis*, Mr. Greer has a documented history of spending thousands of dollars on causes near and dear to his heart as set forth at ECF No. 121 at 2, even as he simultaneously claims

poverty when it suits him. It is difficult to square Mr. Greer's assertions that he has no means with his assertions that he spends thousands of dollars visiting brothels and carries large sums of cash when he visits his chosen companions in far-flung locations for purposes of sexual gratification, even as Mr. Greer complains that he cannot travel to court for purposes of an orderly adjudication of this case which he initiated.

(7) The forum's familiarity with the governing law is a neutral factor because all non-federal claims were dismissed and then abandoned on appeal, as noted in the transferring court's opinion. ECF No. 97 at 7-8.

(8) The weight accorded a plaintiff's choice of forum favors Florida under the law of the case because the Utah Court held that Mr. Greer's choice is accorded little or no weight under the circumstances and because that determination is a part of the law of the case which this Court cannot revisit. ECF No. 97 at 7-8.

(9) Trial efficiency and the interests of justice, based on the totality of the circumstances, favor Florida, because Mr. Moon and his attorney are Floridians and because Mr. Greer has shown himself incapable of cooperating with the orderly progress of this litigation regardless of locale.

**b.  Nevada is not a District where this case might have been brought.**

The Plaintiff wishes he had waited to file this lawsuit until after he had moved from Utah to Nevada. On that basis, he now says that this suit "might have been brought" in Nevada. ECF No. 123 at 11-12. But the statutory phrase about where cases "might have been brought" does not refer to hypothetical scenarios Mr. Greer might have undertaken in alternate realities where he made different decisions about where and when to file his Complaint. Instead, the statutory language refers to where this suit might have been brough on the day it was filed, consistent with all applicable federal rules and statutory provisions relating to venue. *Atl. Marine Constr. Co. v.*

*United States Dist. Court*, 571 U.S. 49, 57, 134 S. Ct. 568, 578 (2013), citing *Van Dusen v. Barrack*, 376 U.S. 612, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964) (construing "the phrase 'where it might have been brought' to refer to 'the federal laws delimiting the districts in which such an action 'may be brought…'").

Mr. Greer could not have brought this suit in Nevada for three simple reasons: First, the U.S. District Court in Nevada has no personal jurisdiction over Mr. Moon and no jurisdiction of any kind over the non-entity "Kiwi Farms, a website." ECF No. 97. Second, none of the operative facts in the Complaint relate to Nevada or events that occurred in Nevada, and the copyright act establishes that venue is proper where "the Defendant" lives or can be located, and Mr. Greer correctly makes no allegations that any Defendant resides in or can be served in Nevada. ECF No. 3. Third, there would have been no basis for bringing this case in Nevada because at the time Mr. Greer filed his complaint, he had at best the future intention to become a resident of Nevada. ECF No. 123 at 12. Mr Greer's future intention to become a Nevadan does by itself make Mr. Greer a proper plaintiff in a Nevada court, nor does it somehow translate into a basis for believing that the Defendants are subject to the personal jurisdiction of the courts in Nevada.

    **c.  Neither Nevada nor Utah are more convenient for the parties or witnesses.**

In his Motion, Mr. Greer briefly and in a conclusory fashion alleges that Nevada or Utah are more convenient for him, his father, and at least one other witness, Steve Taylor. ECF No. 123 at 15. But Mr. Greer proffers no relevant or admissible testimony from either himself or Mr. Taylor, and Mr. Greer's Rule 26 disclosures, which are attached hereto as Exhibit A, are equally nonspecific in terms of who has what variety of personal knowledge about what relevant factual issues capable of oral proof. Moreover, to the extent any witness with any particular relevant and probative testimony might exist, Mr. Greer has not shown that other mechanisms of proof would

not alleviate his imagined hardships. Mr. Greer unsurprisingly also fails to take into account inconvenience he imposes on others, including undersigned counsel and his client, by seeking to litigate against a Floridian and a website in either Nevada or Utah.

As indicated above, Mr. Greer's Rule 26 disclosures disclose no witnesses at all. On that basis alone, the Court may find it useful to disregard any assertions regarding teh convenience of witnesses that have never been disclosed and whose testimony is unknown at best. Assuming the Court wishes to proceed on the basis of the proffered witnesses in Mr. Greer's motion for retransfer, however, Mr. Greer still has not disclosed an admissible evidence expected to be proven by any witness. That motion discloses only two witnesses by name, although it hints there may be other unnamed witnesses who saw unspecified things that are somehow relevant to this case. First among the named witnesses is Mr. Greer's father. Mr. Greer's father apparently witnessed "the infringement" and "the constant nuisance that is Kiwi Farms." Mr. Greer's father apparently also called the Las Vegas, Nevada police to do a welfare check on Mr. Greer due to his son's mental instability.

Mr. Greer is unclear what "the infringement" is that his own father purportedly witnessed, or how his father can witness "the infringement," which is a legal conclusion and not a verifiable factual issue subject to eyewitness testimony. To the extent that Mr. Greer believes that his father can testify as to the "nuisance" that is "Kiwi Farms," Mr. Greer has two problems: there are no nuisance claims in this litigation, ECF No. 97 at 8, and testimony as to a nuisance would be inadmissible and irrelevant. Fed. R. Evid. 401, *cf.* 403. What's more, it is the well-established law of the case that "Kiwi Farms" is not a proper defendant and is not capable of being sued. ECF No. 97 at 6. Additionally, Mr. Greer's father resides in Utah, not Nevada. If this case is transferred to Nevada, Mr. Greer's father would need to travel regardless.

Mr. Greer's second proffered witness expected to suffer inconvenience is Steve Taylor. Mr. Taylor is "a friend" of Mr. Greer's who lives in Utah. ECF No. 123 at 15. He allegedly witnessed "the infringement" that Mr. Greer's father also witnessed, and his testimony is likely inadmissible for the same reason as the proffered testimony from Mr. Greer's father: no one can witness, with one's own eyes, "the infringement," and Mr. Greer has established no facts capable of eyewitness testimony upon which Mr. Taylor can shed light. Moreover, it appears Mr. Taylor would need to travel regardless of where this case is tried: he resides in Utah, and would likely need to fly to Las Vegas, Nevada just the same as he would need to fly to Pensacola.

Mr. Greer also says nothing regarding whether testimony from any of his proposed witnesses, to the extent it may be admissible, would be cumulative or duplicative of proof offered in other ways. For example, the defense is happy to stipulate on the record that Mr. Greer's father called the Las Vegas Police due to Mr. Greer's mental instability and fears that Mr. Greer might harm himself or others. If Mr. Greer consents to such a stipulation, there will be no need for Mr. Greer's father to travel from Utah to offer the evidence the Plaintiff proffers at ECF No. 123 at 15 relating to the police. Additionally, the defense happily consents to virtual testimony from Mr. Greer's ailing father, or to a deposition at which Mr. Greer's father can perpetuate any testimony he has in the event he later becomes unavailable. Mr. Greer appears to have explored none of these options.

### d. **Mr. Greer's continued failure to file an address at which he can be served makes plain that Mr. Greer intends to evade this Court's jurisdiction rather than seek a more convenient forum.**

Among the factors that courts must consider in determining whether a party is entitled to transfer is convenience of the party's and the enforceability of any judgment. ECF No 97 at 8. Convenience of the parties is particularly important where the forum court is the home of one of

the parties to litigation. *Kolodziej v. Mason*, No. 1:10-CV-2012-JEC, 2011 U.S. Dist. LEXIS 54562, at *23 (N.D. Ga. May 20, 2011) ("Although not yet addressed by the Eleventh Circuit, several courts in this district have found that when the forum is not the home district for any of the parties involved in the action, plaintiff's original choice of forum is entitled to less weight."). A district court may also give weight to the "enforceability of a judgment if one is obtained" when considering whether to grant a motion to transfer a case to another district." *Iou Cent., Inc. v. United Apothecary, LLC*, Civil Action No. 1:21-cv-04738-VMC, 2022 U.S. Dist. LEXIS 157629, at *4-5 (N.D. Ga. May 20, 2022).

Here, Mr. Greer is suing a Florida domiciliary and this Court sits in Florida. Retransfer is thus inappropriate because the venue is the home of one of the parties and because transferring venue to the home of another party serves no purpose other than to "merely shift the inconvenience from one party to another." *Mason v. Smithkline Beecham Clinical Labs.*, 146 F. Supp. 2d 1355, 1361 (S.D. Fla. 2001).

Even taking Mr. Greer at his word, and assuming all of his pleadings are true, it is unclear why Mr. Greer seeks to obtain a judgment against a Floridian in Nevada, or how Mr. Greer intends to enforce any eventual judgment he obtains without complicated and costsly post judgment practice and returning to Florida to seek execution of any eventual judgment. But Mr. Greer has also demonstrated that this Court cannot take his pleadings at face value, because they are repeatedly and demonstrably false even in terms of simple facts such as where Mr. Greer can ostensibly be served with process. Most notably, Mr. Greer continues to insist and even "reaffirm" that he resides on a street that does not exist (East Twain) in Las Vegas, Nevada. ECF No. 95 at 2. The only time Mr. Greer has filed a residential address he attempted (albeit poorly) to redact that address to erase any trace of where he actually resides. ECF No. 95 at 5. This pattern has continued

11

to such an extent that the Defendants have now requested on ten separate occasions that Mr. Greer provide an address where he is capable of being served. ECF No. 121-1 (8th request), see also Exhibit B. Mr. Greer has refused at every turn to accurately identify where he resides or where he can be served with compulsory process. It is thus quite possible that the end result of a transfer to Mr. Greer's preferred jurisdiction would result in Mr. Greer's continued efforts to hide from service of process, including compulsory process, in a case that he filed himself and in which he purports to seek affirmative relief from the Court.

### e. Mr. Greer confesses that he attempts to forum shop in this litigation.

At ECF No. 123 at 16, Mr. Greer alleges that the substantive law of the Ninth Circuit favors him and should weigh in favor of transfer to Nevada. Without in any way conceding Mr. Greer's arguments relating to the law of the Ninth Circuit, Defendants nevertheless point out that this Court is flatly prohibited from considering the substantive law of the Ninth Circuit as part of its transfer analysis . *Hunt v. Nationstar Mortg.*, No. 21-10398, 2022 U.S. App. LEXIS 14604, at *6-7 (11th Cir. May 27, 2022) (noting it "is not a legitimate reason for transfer" that "case law in [another district] would be more favorable…"). This Court cannot consider Mr. Greer's arguments that he would rather litigate in the Ninth or Tenth Circuits because those jurisdictions are more favorable to him in terms of their substantive law.

### IV.   Conclusion

The Court should deny Mr. Greer's Motion to retransfer this case, and should either dismiss this case for want of prosecution or set an expeditious schedule for any necessary further proceedings. To the extent that this Court elects not to dismiss this case, it ought to condition any further proceedings on Mr. Greer's immediate compliance with basic requirements such as providing a valid address at which he can be served with process.

Respectfully submitted this the 28th day of May, 2024,

/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was filed via CM/ECF this 28th day of May, 2024, and that I also deposited a true and correct copy of the same into the U.S. Mail, with First Class Postage prepaid, addressed to:

1. The address Mr. Greer provided in an exhibit at ECF No. 95 at 5, but nevertheless insists is not accurate:

   Russell Greer
   1155 East Twain Avenue
   Suite 108420
   Las Vegas, NV 89169

2. The address Mr. Greer has provided to the Court:

   Russell Greer
   1155 South Twain Avenue
   Suite 108420
   Las Vegas, NV 89169

3. Mr. Greer's home address:

   Russell Greer
   3651 Arville St. Apt 711
   Las Vegas, NV 89103

I also emailed a copy of the foregoing to Mr. Greer at an address he has used in correspondence to me, to wit: russmark@gmail.com.

I have served this document on multiple physical addresses and also via email for the same reasons set forth at ECF No. 120 at 5-8.

Dated: May 28, 2024

/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com