AO 121 (Rev. 06/16)

| TO:                                                                                                                                 |                                                                                                 |
|-------------------------------------------------------------------------------------------------------------------------------------|-------------------------------------------------------------------------------------------------|
| Register of Copyrights<br>U.S. Copyright Office<br>101 Independence Ave. S.E.<br>Washington, D.C. 20559-6000 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION OR APPEAL<br>REGARDING A COPYRIGHT |

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☒ ACTION ☐ APPEAL | | COURT NAME AND LOCATION<br>U.S. District Court, Northern District of Florida (Pensacola) |
|---|---|---|
| DOCKET NO.<br>3:24-cv-00122-MCR-ZCB | DATE FILED<br>3/20/2024 | One North Palafox St.<br>Pensacola, FL 32502 |
| PLAINTIFF<br>RUSSELL G GREER | | DEFENDANT<br>JOSHUA MOON, et al |

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY ☐ Amendment ☐ Answer ☐ Cross Bill ☐ Other Pleading | |
|---|---|---|
| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
| 1 | | |
| 2 | | |
| 3 | | |

In the above-entitled case, a final decision was rendered on the date entered below. A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>☒ Order ☐ Judgment | WRITTEN OPINION ATTACHED<br>☐ Yes ☒ No | DATE RENDERED<br>6/11/2024 |
|---|---|---|
| CLERK<br>JESSICA J. LYUBLANOVITS | (BY) DEPUTY CLERK<br>*Adnan Faraj* | DATE<br>07/11/2024 |

DISTRIBUTION:
1) Upon initiation of action, mail copy to Register of Copyrights
2) Upon filing of document adding copyright(s), mail copy to Register of Copyrights
3) Upon termination of action, mail copy to Register of Copyrights
4) In the event of an appeal, forward copy to Appellate Court
5) Case File Copy

☒ – 6/11/2024 – Order: Case transferred to USDC District of Utah. Case #: 2:24-cv-00421

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RUSSELL G. GREER,

    Plaintiff,

v.                                          Case No. 3:24-cv-122-MCR-ZCB

JOSHUA MOON, publisher of the
website Kiwi Farms; and KIWI
FARMS, a website,

    Defendants.

_____/

## ORDER

*Pro se* Plaintiff Russell Greer filed this case in the District of Utah in September 2020 against Defendants Joshua Moon and Kiwi Farms (collectively, "Defendants"). In January 2024, after several years of extensive litigation in both the District of Utah and the Tenth Circuit, Defendants filed a Motion to Transfer Venue to the Northern District of Florida pursuant to 28 U.S.C. § 1404(a) on the grounds that this Court is a proper forum because Defendants are residents of Florida and none of the parties are residents of Utah. ECF No. 64. Greer did not respond to Defendants' transfer motion prior to the District of Utah's transfer order on March 20, 2024. ECF No. 97. Greer, however, immediately filed an objection to the transfer order *before the case was docketed in this Court on March 21, 2024.* ECF Nos. 98, 107. After thorough review, the Court finds that the case is due to be

transferred back to the District of Utah for consideration of Greer's objections to the transfer order.

## I.    Background

Moon operates the website Kiwi Farms, which Greer states is "a site founded on exploiting people for amusement purposes" and "showcase[s] those [who] Moon and his users have deemed to be eccentric and weird." ECF No. 3 ¶ 13. According to Greer, Kiwi Farms users stalk, harass, and dox[1] their targets, many of whom are people with disabilities. In 2016, Kiwi Farms users turned their attention to Greer shortly after he received media coverage for filing a lawsuit against a famous pop star. Following this media coverage, Kiwi Farms users allegedly harassed Greer to the point of causing him to lose his employment and housing, change his contact information, and experience prolonged online abuse. In 2017, Greer copyrighted and self-published a book entitled, *Why I Sued Taylor Swift: and How I Became Falsely Known as Frivolous, Litigious and Crazy*," in the hopes of earning money and restoring his public image. However, Kiwi Farms users made unauthorized copies of Greer's book available on the website shortly after the book's release. In response, Greer sent Moon requests to remove Greer's book from Kiwi Farms'

---

[1] "Dox" is defined as "to publicly identify or publish private information about (someone) especially as a form of punishment or revenge." *Dox,* merriam-webster.com, https://www.merriam-webster.com/dictionary/dox?utm_campaign=sd&utm_medium=serp&utm_source=jsonld (last visited June 11, 2024)

website, but Moon refused and publicly ridiculed Greer's request on the website. In 2019, Greer copyrighted and released a song entitled, "*I Don't Get You, Taylor Swift*," but much like with Greer's book, Kiwi Farms users made unauthorized copies of the song available on the website. Greer then sent Moon takedown notices requesting to have his song removed from Kiwi Farms' website pursuant to the Digital Millenium Copyright Act ("DCMA"). Moon refused to take down Greer's song and said it would remain on the Kiwi Farms website because it was fair use. Greer alleges that Kiwi Farms users continue to harass him and misuse his copyrighted materials.

In September 2020, Greer filed suit against Moon and Kiwi Farms in the District of Utah alleging, among other things, that Defendants infringed on his copywritten materials in violation of the Copyright Act, 17 U.S.C. §§ 101, *et seq*. ECF No. 3. Greer's Complaint also alleged that he was a citizen of Utah, and Moon was a citizen of Florida.[2] *Id*. In April 2021, Defendants moved to dismiss Greer's Complaint for failure to state a claim, which Greer opposed. ECF Nos. 20, 26. The District of Utah subsequently granted Defendants' motion and dismissed the case with prejudice. ECF Nos. 37, 38. Greer appealed the district court's dismissal order to the Tenth Circuit Court of Appeals. ECF No. 45. In December 2023, the Tenth Circuit reversed, finding that Greer stated a claim for contributory copyright

---

[2] The Complaint did not reference Kiwi Farms' citizenship.

infringement against Defendants, and remanded the case for further proceedings. ECF No. 53. The case was then reassigned[3] to District Judge David Barlow, who referred the case to Magistrate Judge Jared Bennett "to handle [the] case up to and including [referral and recommendations] on all dispositive matters" pursuant to 28 U.S.C. § 636(b)(1)(B). ECF Nos. 54, 67.

After remand, on January 17, 2024, Defendants filed a motion to transfer the case to the Northern District of Florida pursuant to 28 U.S.C. § 1404(a), which allows a district court to transfer a case to a forum that is more convenient for the parties and witnesses. ECF No. 64. Defendants argued that Utah is not a convenient forum because Greer is no longer a resident of Utah[4]; Moon remains a resident of Florida[5]; and Lolcow, LLC, which does business as Defendant Kiwi Farms[6], "is a limited liability company organized under the laws of the State of West Virginia, but Mr. Moon (a Floridian) is its sole member." *Id.* Defendants argued further that none

---

[3] The case was originally assigned to District Judge Tena Campbell. Judge Campbell recused herself after the Tenth Circuit's remand order. ECF No. 54.

[4] On January 4, 2021, Greer informed the court that he changed his address to a P.O. Box in Nevada. *See* ECF No. 13. On January 19, 2024, two days after Defendants filed their Motion to Transfer, Greer informed the court that he changed his address to a different location in Nevada. ECF No. 70.

[5] Defendants also filed a Declaration from Moon stating, "[a]lthough I left Florida and went to Europe several years ago, I maintain my domicile in Florida, am registered to vote in Florida, and have a Florida driver's license. I have never taken up a permanent residence in any other state. My domicile is located in Escambia County, which is in jurisdiction of the U.S. District Court for the Northern District of Florida." ECF No. 64-1 ¶ 2.

[6] On January 18, 2024, Lolcow, LLC (d/b/a Kiwi Farms) filed a motion to intervene and substitute on behalf of Defendant Kiwi Farms, the website. ECF No. 68. This motion remains pending.

of the facts, witnesses, or claims are significantly related to Utah. *Id.* at 4–5. However, Defendants provided no explanation for why the Northern District of Florida is a more convenient forum than the District of Utah. Instead, Defendants only stated that the Northern District of Florida is an alternative forum because 28 U.S.C. § 1400(a) provides that "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found," and 28 U.S.C. § 1391(b) and (c) similarly allow a civil action to be brought in the district where the defendant resides. On January 19th, Greer moved for an extension of time to respond to Defendants' transfer motion as well as other pending motions. ECF No. 71. On January 22nd, Magistrate Judge Bennett denied Greer an extension and stated that his response to Defendants' transfer motion remained due by February 29th. ECF No. 73. On February 7th, Greer filed a motion to stay proceedings for 90 days to obtain counsel and properly respond to Defendants' multiple motions. ECF No. 77. Magistrate Judge Bennett denied Greer's motion to stay on March 14th. ECF No. 96.

On March 20th, Magistrate Judge Bennett entered an order transferring the case to this District despite Defendants' lack of an explanation for why the Northern

District of Florida is a more convenient forum than the District of Utah.[7] ECF No. 97. Magistrate Judge Bennett provided three reasons for why the Northern District of Florida was a proper forum, but he gave no explanation for why this District was more convenient for the parties and witnesses, instead deciding simply that nothing weighed against transfer to the Northern District of Florida. He found that the Northern District of Florida had both subject matter and personal jurisdiction over the Defendants and venue was proper here because Greer's claims involve the Copyright Act, Moon is allegedly domiciled in the Northern District of Florida, and the case could have been originally filed here pursuant to §§ 1400(a) and 1404(a). Second, he accorded little weight to Greer's choice of forum in Utah given that Greer was no longer a citizen of Utah, and decided that the operative facts and claims were not significantly related to Utah because: (1) the case's only connection to Utah is that Greer resided in the state when he filed his complaint and (2) the complaint's allegations "relate to actions taken on the internet and targeted at no particular geographic location." ECF No. 97 at 7–8. Magistrate Judge Bennett also noted that Greer's lack of response to Defendants' transfer motion provided an additional basis

---

[7] *See Cmty. Television of Utah, LLC v. Aereo, Inc.*, 997 F. Supp. 2d 1191, 1205 (D. Utah 2014) ("[T]he moving party must clearly establish that: (1) the transferee court is a proper forum in which the action could have been brought originally; and (2) the transfer will enhance the convenience of the parties and witnesses, and is in the interest of justice."); *see also* ECF No. 97 at 4 ("Section 1404(a) allows 'transfer to a more convenient forum, even though venue is proper in the transferor court.'") (quoting *K.A. v. UnitedHealthcare Ins.*, No. 2:23-CV-00315-RJS-JCB, 2023 WL 7282544, at *1 (D. Utah Nov. 3, 2023).

for granting the motion and transferring the case. *See* DUCivR 7-1(f) ("[F]ailure to respond timely to a motion may result in the court granting the motion without further notice.").

*On the same day the transfer order was entered*, Greer filed a "Motion to Reconsider" pursuant to Federal Rule of Civil Procedure 60(b)[8] in the District of Utah, requesting that court to "reverse the case transfer" and "urgently" reconsider the transfer order because his failure to respond to Defendants' transfer motion was excusable neglect given his assumption, albeit mistaken, that his motion to stay the proceedings automatically tolled his response deadlines. ECF No. 107. This motion/objection was filed while the District of Utah still had jurisdiction over the case and within the 14-day window allotted for objections to a magistrate's order pursuant to Rule 72(a).[9] Nonetheless, there was no order on the motion and the case was docketed in the Northern District of Florida on March 21, 2024, at 11:43AM.

---

[8] Rule 60(b) allows a court to relieve a party from a final judgment "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

[9] Rule 72(a) provides that a "party may serve and file objections to" a magistrate judge's order on a non-dispositive matter in the case "within 14 days after being served with a copy . . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

ECF No. 98. On that same day, Defendants filed an opposition to Greer's Rule 60(b) Motion in the District of Utah arguing that the court had no jurisdiction to consider the motion because the Northern District of Florida, not the District of Utah, now had jurisdiction. ECF No. 109. On March 26th, Greer filed a second objection to the District of Utah's transfer order in the form of a Rule 59(e)[10] Motion to Vacate, opposing transfer because he lives in Nevada, which is much closer to Utah than Florida; his injuries occurred while he resided in Utah; and it would be nearly impossible for his witnesses to travel to Florida. ECF No. 111. On April 2nd, this Court ordered Defendants to file a status update once the District of Utah ruled on Greer's Rule 60(b) and 59(e) Motions. ECF No. 105. On April 3rd, Greer filed a Reply in support of his Rule 59(e) Motion and cited to *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509 (10th Cir. 1991), which instructs that district courts should delay transferring a case to allow time for the aggrieved party to object to a transfer order. ECF No. 114. That did not happen here, and instead, in a single order entered on April 23rd, Magistrate Judge Bennett denied both motions as moot because the District of Utah had "not adopted a rule automatically staying the transfer of a case, nor is it this court's practice to wait" before transferring a case,

---

[10] Rule 59(e) directs a party to file "a motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

and thus "the court lost jurisdiction over this matter on March 21, 2024, and cannot review Mr. Greer's motions." ECF No. 116.

## II. Discussion

For the convenience of the parties and witnesses and in the interest of justice, a district court may transfer a case to a district where the case may have been brought or to a district where the parties have agreed the case should be transferred. *See* 28 U.S.C. § 1404(a). Notwithstanding a transfer order, however, the transferor court retains jurisdiction over the case until the case files are docketed in the transferee court. *See Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 988 n.10 (11th Cir. 1982) ("When the files in a case are physically transferred to the transferee district, the transferor court loses all jurisdiction of the case."); *see also Chrysler*, 928 F.2d at 1517 ("The date the papers in the transferred case are docketed in the transferee court, not the date of the transfer order, consequently forms the effective date that jurisdiction in the transferor court is terminated.").

Ordinarily, the transferor court's "decision . . . should not be reviewed again by the transferee court." *Gonsalves-Carvalhal v. Aurora Bank, FSB*, No. 1:14-CV-00151-SCJ-LTW, 2015 WL 12592111 at *2 (N.D. Ga. Feb. 10, 2015) (citing *In re Cragar Indus.*, 706 F.2d 503, 505 (5th Cir. 1983), *report and recommendation adopted sub nom. Gonsalves-Carvalhal v. Aurora Bank, FSB*, No. 1:14-CV-151-

SCJ, 2015 WL 12600329 (N.D. Ga. Mar. 2, 2015). This is because the law of the case doctrine generally discourages courts from revisiting decided issues, including a transferor court's transfer order. *See Messenger v. Anderson*, 225 U.S. 436 (1912). However, a transferee court is not "powerless to act where the original purposes of the transfer have been frustrated," *In re Cragar Industries, Inc.*, 706 F.2d at 505, and may transfer a case back to its original venue if there are "the most impelling and unusual circumstances or if the transfer order is manifestly erroneous." *United States v. Koenig*, 290 F.2d 166, 173 n.11 (5th Cir. 1961), *aff'd sub. nom. Di Bella v. United States*, 396 U.S. 121 (1962).[11] Three circumstances meet this standard: (1) where the governing law has been changed by the subsequent decision of a higher court; (2) when there are changed circumstances during the period of time since the original transfer that are material to the decision to transfer the case; or (3) when a clear error has been committed or when it is necessary to prevent manifest injustice. *See Shute v. Carnival Cruise Lines, Inc.*, 804 F. Supp. 1525, 1527 (S.D. Fla. 1992) (citing *In re Cragar Indus.*, 706 F.2d at 505; *Chrysler*, 928 F.2d at 1517); *see also Chrysler*, 928 F.2d at 1516.[12] Transfer of a case back to the transferor court may be

---

[11] The Eleventh Circuit adopted as binding precedent all decisions rendered by the former Fifth Circuit prior to October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc).

[12] Retransfer under any of these three circumstances does not betray the "law of the case" doctrine. *See Triad Sys. Fin. Corp. v. Stewart's Auto Supply, Inc.*, 47 F. Supp. 2d 1332 (N.D. Ala. 1999) ("When such unanticipatable post-transfer events frustrate the original purpose for transfer, a return of the case to the original transferor court does not foul the rule of the case nor place the transferee court in a position of reviewing the decision of its sister court. It, instead, represents a

ordered by the transferee court *sua sponte* or after consideration of a motion to retransfer. *See Rugged Cross Hunting Blinds, LLC v. DBR Fin., Inc.*, No. 1:23-CV-01944, 2023 WL 11780377 at *3 (N.D. Ohio Oct. 30, 2023) (finding *sua sponte* retransfer of a patent infringement case was warranted when the transferor court's transfer order was "void and without legal effect" because transfer occurred as a result of clear error); *Henry v. Williamson*, 79 F.3d 1166 (Fed. Cir. 1996) (retransferring a case *sua sponte*); *Anstalt v. Bacardi & Co., Ltd.*, No. 1:17-CV-21505-UU, 2017 WL 5634954 (S.D. Fla. June 26, 2017) (considering a motion to retransfer and finding retransfer appropriate in part because transfer of the case was clear error).

The undersigned is aware of the concern that reconsidering a transferor court's transfer order may "threaten to send litigants into a vicious circle of litigation" resulting in potential "jurisdictional ping-pong," *see Shute*, 804 F. Supp at 1528 (internal citations omitted); however, the undersigned concludes that this case should be returned to the District of Utah so that Greer's Rule 60(b) motion (*i.e.* his objection to the magistrate judge's transfer order) may be properly considered.

---

considered decision that the case then is better tried in the original forum for reasons which became known after the original transfer order.") (quoting *In re Cragar Indus.*, 706 F.2d at 505); *see also Arizona v. California*, 460 U.S. 605, 618 (1983) ("Under law of the case doctrine, as now most commonly understood, it is not improper for a court to depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice.").

First and foremost, Greer timely objected to the transfer order while the District of Utah still had jurisdiction over the case. As noted, under well-established Tenth Circuit precedent, a court entering a transfer order should delay actual transfer of the case long enough to give the party opposed to the transfer an opportunity to object because otherwise "an appeal from a transfer order filed after the physical transfer of the record would be futile." *Chrysler*, 928 F.2d at 1517 ("The preferred approach is to delay physical transfer of the papers in the transferred case for a long enough time to allow the aggrieved party to" object to transfer.); *see also Roofing*, 689 F.2d at 988 n.10 (same); *see also In re Nine Mile Ltd.*, 673 F.2d 242 (8th Cir. 1982) (emphasizing that a transferor court should delay transferring a case even after the court provided the parties with an opportunity to argue the merits of transfer prior to entering the transfer order). Additionally, a transfer order entered without giving the aggrieved party an opportunity to object arguably circumvents Rule 72(a), which provides that a party timely objects to a magistrate judge's order if the objection is made within fourteen days of the order. *See* Fed. R. Civ. P. 72(a). After the party objects, "[t]he district judge in the case must consider [the] timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."[13] *See id.* Here, the District of Utah neither delayed transfer nor properly

---

[13] Objections from *pro se* parties should be liberally construed. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (a district court should interpret a *pro se* plaintiff's pleadings liberally "despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories,

considered Greer's objection to transfer, despite the fact that Greer timely objected to Magistrate Judge Bennett's transfer order and requested a stay of the transfer *while the District of Utah still had jurisdiction over the case*, and despite the fact that Greer timely objected to the transfer order *twice* within the fourteen-day window allotted under Rule 72(a).[14]

The undersigned also notes that although Magistrate Judge Bennett relied partially on the fact that the District of Utah had not adopted a rule to delay transfer of a case, this seems inconsistent with the Tenth Circuit's instructions in *Chrysler.* Additionally, procedural rules required that the District of Utah district judge review Greer's timely objections to Magistrate Judge Bennett's transfer order. *See* Fed. R. Civ. P. 72(a); *see also* DUCivR 72-3. Thus, transfer of the case to this District was premature, and respectfully, warrants a transfer of the case back to the District of Utah. *See In re Cragar Indus.*, 706 F.2d at 505 (quoting *Koenig,* 290 F.2d at 173 n.11) (finding retransfer appropriate when the transfer order is wrong). Moreover,

---

his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."); *see also Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curiam) (same).

[14] While it is not clear that the District of Utah retained jurisdiction when Greer filed his Rule 59(e) Motion and Greer's objections to transfer may not have been traditionally styled (he is *pro se*), the court unquestionably had jurisdiction over the case when Greer filed his Rule 60(b) Motion clearly objecting to transfer and requesting to stay the transfer order before the case reached the Northern District of Florida's docket. Additionally, Greer's opposition to Defendants Motion to Transfer was due February 29, 2024, but his objections to Magistrate Judge Bennett's transfer order were due by April 3, 2024. Greer filed his first objection to the transfer order on March 20, 2024, ECF No. 107, and his second objection on March 26, 2024, ECF No. 111.

absent a return of the case to the District of Utah, Greer will suffer a manifest injustice because *no* direct or appellate review of the transfer order granting Defendants' motion will occur despite Greer's timely objection and request to stay transfer while the District of Utah still retained jurisdiction over the case.[15] *See United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009) ("The law is settled that appellate courts are without jurisdiction to hear appeals directly from federal magistrates.") (internal citations omitted); *see also Roofing*, 689 F.2d at 986 ("Congress has not given us jurisdiction to review decisions of district courts outside this Circuit . . . [and] a transferee court cannot directly review the transfer order itself.") (internal citations omitted).

Accordingly, the Clerk of Court is directed to **TRANSFER** this case back to the District of Utah so that Greer's objections to Magistrate Judge Bennett's transfer order may be properly considered by the district court and if appropriate the Tenth Circuit. ECF No. 116. Greer's Motion to Retransfer Venue is **DENIED** as moot. ECF No. 123. The Clerk of the Court is directed to effectuate transfer of the case immediately.

**DONE and ORDERED** this 11th day of June 2024.

---

[15] While a motion to retransfer may allow a transferee court to indirectly review a transferor court's transfer order, *see, e.g., F.D.I.C. v. McGlamery*, 74 F.3d 218, 221 (10th Cir. 1996), here, Greer timely sought direct review of Magistrate Judge Bennett's transfer order by the assigned district judge. Thus, transfer of the case back to the District of Utah ensures that Greer receives the direct review of the transfer order to which he is entitled.

*M. Casey Rodgers*
_____
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**